Ollie **WARREN**, Appellant,

v.

G. V. **RICHARDSON**, Warden F.C.I., Lompoc, California, Appellee.

No. 19135.

United States Court of Appeals Ninth Circuit.

June 16, 1964.

---

Ollie Warren, in pro. per.

John W. Bonner, U. S. Atty., Earl Johnson, Jr., Sp. Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before ORR, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

Ollie Warren, having been convicted and sentenced in federal court on his plea of guilty of the offense of breaking or attempting to break into a post office in violation of 18 U.S.C. § 2115, applied for a writ of habeas corpus. Treating the application as one for relief under 28 U. S.C. § 2255, the district court denied the application without hearing, and this appeal followed.

Warren argues that his rights pertaining to the assignment of counsel to assist him in the criminal proceedings, as provided for in Rule 44, Federal Rules of Criminal Procedure, and the Sixth Amendment, were infringed. In support of this view, he alleges that no counsel was appointed to represent him with regard to this case at the time he entered a plea of guilty to the charge.

When the matter of receiving a plea came up in the district court on June 10, 1963, Drake Delanoy, an attorney at law, was present to represent Warren and advised the court that he and his client

were ready to proceed. The court then summarized the status of the proceeding as reflected by the record. In doing so, the court recited that at an earlier date Warren, " * * * appearing with his court-appointed counsel, Mr. Drake Delanoy * * *," waived indictment and entered a plea of not guilty as to Counts I and II of the indictment in question.

For reasons which need not be related the plea of not guilty to at least Count I was regarded as withdrawn and, at the June 10, 1963 hearing, Warren indicated that he wished to enter a new plea. At this point Mr. Delanoy advised the court that he had discussed the matter fully with Warren " * * * on many occasions. * * *" and expressed the view that Warren understood the indictment. Warren then pleaded guilty to Count I, upon which the conviction and sentence here in question is based. Upon motion of the United States Attorney for the District of Nevada, with the consent of the United States Attorney for the Southern District of California, Count II was then dismissed. Delanoy continued to represent Warren while the court inquired into the voluntariness of the plea, and at a later hearing when sentence was first pronounced.

■ Even if it be assumed that the district court was in error in stating that Mr. Delanoy had been appointed to represent Warren with regard to the indictment in question,[1] or if he assumed that such appointment would not extend to the new plea of guilty entered on June 10, 1963, the fact is that Delanoy was present on the latter occasion and provided full and complete representation. This being the case, it is immaterial whether Delanoy served by appointment.

Warren next contends, in effect, that since, after the transfer of the two-count indictment from California to Nevada pursuant to Rule 20, he pleaded guilty only to Count I, and pleaded not guilty to Count II, the Nevada court was without jurisdiction to accept the guilty plea but was required to re-transfer the proceeding back to California.

■ Rule 20 provides, in part, that if after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced. But Warren's plea of not guilty to Count II became non-existent as soon as that count was dismissed upon the motion of the United States Attorney. Warren does not argue that the transferee court was without jurisdiction to dismiss that count and he is hardly in a position to do so, since he is not aggrieved by that action. While the Nevada court orally accepted the plea of guilty to Count I a few moments before Count II was dismissed, such acceptance became effective as soon as the latter action was taken. Under the indicated circumstances the Nevada court had jurisdiction to accept that plea.[2]

Warren argues that the district court should not have received and considered, prior to entry of his plea of guilty, a report from a probation officer containing certain "pre-sentence factors" submitted in connection with a motion for reduction in bail.

Rule 32(c) (1), Federal Rules of Criminal Procedure, provides that a pre-sen-

1. The indictment had been returned in the Southern District of California, after which the matter had been transferred to the District Court for the District of Nevada, the district court here under review, pursuant to Rule 20, Federal Rules of Criminal Procedure. Delanoy had been appointed by the District Court for the District of Nevada to represent Warren in another criminal proceeding then pending before that court. These circumstances may have led to an erroneous assumption on the part of that court that Delanoy had been appointed to represent Warren in the proceeding now in question.

2. What is said above is on the assumption that Warren's plea of not guilty to Count II was still outstanding at the time he pleaded guilty to Count I. But according to the statement made by the court on June 10, 1963 before the plea of guilty was received, the previous pleas of not guilty to both Counts I and II had, in effect, been withdrawn.

tence report shall not be submitted to the court or its contents disclosed to anyone else " * * * unless the defendant has pleaded guilty or has been found guilty." It has been said that the policy behind this rule is the avoidance of prejudice in the judge in the event he may be required to preside over a jury trial of the defendant or, in the event of a court trial, he is required to act as fact finder. United States v. Chrisos, 7 Cir., 291 F.2d 535. But even where there is a plea of guilty and hence no fact finding function by judge or jury, the rule prohibiting submission of a pre-sentence report prior to entry of a plea has been said to apply.[3]

The report here in question, however, was not a "pre-sentence report" within the meaning of Rule 32(c). The purpose of such a report is to provide the court with information which may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant. See Rule 32(c) (2). The report here complained of was submitted for the wholly different purpose of assisting the court in passing upon a motion for reduction of bail. A defendant's past history and activities are relevant circumstances to be considered in fixing proper bail. See memorandum of Justice Harlan in Noto v. United States, 76 S.Ct. 255, 257.

We need not decide whether it is proper, for such a purpose, to submit background information in the form of a probation officer's report made to the judge as distinguished from information presented in open court and subject to challenge. There is before us no question as to the validity of the action taken on the motion for reduction of bail. It is enough to hold that since the information was submitted for the latter purpose, it was not subject to the proscription of Rule 32(c) (1).

Finally, Warren contends, he is entitled to have the sentence vacated and to be released from custody because he was not present in court when the matter of modifying the sentence was before the court pursuant to 18 U.S.C. § 4208(b).

On June 24, 1963, Warren was sentenced to imprisonment for five years on the charge here in question:

" * * * and for study as described in 18 USC 4208(c), the results of such study to be furnished this Court within three months, * * * whereupon the sentence of imprisonment herein imposed shall be subject to modification in accordance with 18 USC 4208(b)."

On October 10, 1963, without notice to Warren or his counsel, and without further hearing, an order was entered which "affirmed" the original five-year sentence, and provided that Warren would be eligible for parole as provided in 18 U.S.C. § 4208(a) (2). This was in accordance with the practice that prevailed in the district courts prior to the recent decision of the Supreme Court in United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224.

In the Behrens case it was held that the district court erred when, in modifying its original section 4208(b) order, it fixed the final sentence in the absence of the defendant and his counsel.

In Behrens, the original sentence imposed under the flexible provisions of section 4208 was imprisonment for twenty years, and this was reduced to five years after the court had received the study called for by that statute. In our case there was no modification in the sentence, since the order of October 10, 1963 "affirmed" the original five year sentence. But while there was no modification of the sentence in our case, the reasoning which led the court in Behrens

---

3. See Smith v. United States, 360 U.S. 1, 17–18, 79 S.Ct. 991, 1001, 3 L.Ed.2d 1041, where Justice Clark, joined by Justices Harlan and Stewart, concurring in part and dissenting in part, stated that a private conference with the judge at which a pre-sentence report was made " * * * must be deemed presumptively prejudicial where, in violation of Fed.Rules Crim. Proc., 32(c) (1), it was conducted prior to the plea."

to hold that the defendant and his counsel must be present when the matter of sentencing comes before the court a second time under section 4208, is equally applicable here. That reasoning is that an original order entered under section 4208(b) is wholly tentative and it is the second order which constitutes the final, appealable order.[4]

The error in question is not ground for setting aside the conviction but requires only a remand for further proceedings. See United States v. Rozanc, 3 Cir., 326 F.2d 487. The judgment in this section 2255 proceeding is therefore reversed and the cause is remanded to the sentencing court with directions to consider the matter of probation or final sentence at a hearing at which Warren and his attorney are afforded the opportunity to be present and to be heard.

4. The United States Attorney here concedes that, in the light of Behrens, decided after final sentence was imposed upon Warren, it was error to do so in the absence of Warren and his attorney.