Joshua Lee CALLAND, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 15826.

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1966.

Joshua Lee Calland, in pro. per., Edwin A. Rothschild, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joshua Lee Calland, petitioner, by this appeal seeks review of an order entered in a proceeding under 28 U.S.C.A. § 2255 which refused to set aside his conviction following a court trial and sentence on April 10, 1962, on an indictment charging possession, forging an endorsement upon, and uttering, United States treasury checks stolen from the mails.

Briefly stated, it is now petitioner's contention that the imposition of such sentence constituted denial to him of due process of law, for the reason that the judge examined a presentence probation report before pronouncing petitioner guilty, and thus violated rule 32(c) (1) of the Federal Rules of Criminal Procedure.[1]

The record before us shows that a presentence report of a probation officer pertaining to Calland had been delivered to the judge's chambers and we believe a reasonable inference can be drawn from that fact that he saw this report. In his brief before us, Calland states that

"* * * the confidential nature of the report, furthermore, prevents petitioner from showing specifically

---

1.  18 U.S.C.A. Rule 32(c) (1).

in what way reference to the report was prejudicial;  *  *  * "

We consider it not unimportant that the judge in a memorandum opinion filed contemporaneously with the order from which this appeal was taken, recited that defendant had appeared in that court on March 14, 1958 and pleaded guilty to an indictment charging postal theft and received prison sentences. The judge pointed out that this conviction became relevant on the issue of credibility when defendant later testified in his own behalf in the case now under consideration.

Moreover, prior to imposing sentence in the case at bar, the judge frankly stated that he had, during a recess before final arguments, for the first time read the report and that technically speaking it would have been preferable that the announcement of defendant's guilt should have preceded the examination of this report. The judge also stated:

" *  *  *  However, all of the evidence had been concluded and the fact of the defendant's guilt was obvious and apparent to all.

"There was no harm to the defendant; there has been no harm pointed out or shown; and we know of no authority which would elevate that procedural mistake on the part of this Court to the level of constitutional 'due process'."

The logic of his statement is persuasive. No attack upon the integrity of the court has been made by defendant, or anyone, in the record before us. We have no knowledge emanating from any source which would impugn the judge's integrity. We therefore logically must give full effect to what he said as to this matter. Having done so, we reject the inference that his inadvertently premature examination of the probation report at the stage of the proceeding when the defendant had not yet been found guilty in any way contributed to or influenced that finding.

We hold that the facts in the record before us effectually rebut the presumption of prejudice arising from the apparent violation of rule 32(c) (1). Cf. separate opinion of Mr. Justice Clark, Smith v. United States, 360 U.S. 1, 11, 18, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959).

In so holding, we do not purport to limit our decision to the constitutional issue, but rather we mean it to meet and reject the further argument of defense counsel that the case requires the granting of relief in the interest of the orderly administration of the federal court system.

For these reasons, the order which petitioner seeks us to set aside is affirmed.

Affirmed.