Richard E. **WALSH**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19831.

United States Court of Appeals
Ninth Circuit.

March 3, 1967.

Richard E. Walsh, in pro. per.

Earl Warren, Jr., Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and WOLLENBERG, District Judge.

JERTBERG, Circuit Judge:

Appellant appeals from a series of orders and actions of the District Court which are specified in the notice of appeal, as follows:

1) The action taken by said Court on August 14, 1964, in failing to consider the Petition for Writ of Prohibition filed by the defendant herein;

2) The action taken by said Court on August 14, 1964, in denying the defendant's Petition for Declaratory Judgment;

3) The action taken by said Court on August 14, 1964, in considering the defendant's Petition to Vacate Judgment pursuant to Title 28, § 2243 U.S.C., as a motion to vacate, set aside or correct prisoner's sentence under Title 28 U.S.C. § 2255, and then denying said motion;

4) The Order of the Court on August 14, 1964, sentencing the defendant to twenty years imprisonment;

5) The Order of said Court filed December 16, 1964, wherein the Court modified the sentence pronounced on May 4, 1962, so as to sentence defendant to twenty years imprisonment.

In order to place in focus the problems presented by this appeal, it is necessary to review in more detail the proceedings occurring in the District Court leading up to the appeal.

On April 9, 1962, appellant was convicted in the District Court upon his plea of guilty to the crime of bank robbery. [Title 18 U.S.C. § 2113(a).][1]

On May 4, 1962, appellant was committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of "TWENTY (20) YEARS and for a study as described in Title 18 USC Section 4208(c), the result of such study to be furnished to this Court within ninety days whereupon the sentence of imprisonment herein imposed shall be subject to modification in accordance with Title 18 USC Section 4208(b)."[2]

---

1. 18 U.S.C. § 2113(a) provides for a fine of not more than $5,000.00 or imprisonment not more than twenty (20) years, or both.

2. 18 U.S.C. § 4208(b) provides:
   "(b) If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study together with any recommendations which the Director of the Bureau of Prisons believes would be

On July 30, 1962, on the court's own initiative, and without the presence of appellant or his attorney, the District Court entered an order modifying the judgment previously imposed so as to reduce appellant's term in prison to twelve (12) years, and to pronounce the sentence under the provisions of 18 U.S.C. § 4208(a) (2).[3]

Following the decision in United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), and on March 9, 1964, appellant filed his petition with the District Court "to vacate judgment, pursuant to Title 28, Section 2243 U.S.C.", in which it was sought to have the last mentioned judgment vacated on the ground that it was error to impose such sentence in the absence of appellant and his counsel.

On May 5, 1964, in the presence of appellant and his counsel, the District Court vacated the judgment imposed on July 30, 1962, and referred the cause to the Probation Officer for presentence investigation, and continued the matter for resentencing.

On May 12, 1964, appellant filed a petition for declaratory judgment pursuant to 28 U.S.C. § 2201, in which he sought a declaration that the District Court was without jurisdiction to resentence appellant.

On May 18, 1964, appellant filed a petition for writ of prohibition pursuant to 28 U.S.C. § 1651. The petition, although filed in the District Court, was directed to this court. In that petition appellant sought to enjoin the District Court from resentencing appellant on the ground the District Court was without jurisdiction to do so.

By written memorandum filed August 3, 1964, the District Court treated appellant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2243 as a motion to vacate, set aside or correct appellant's sentence under the provisions of 28 U.S.C. § 2255, and that since appellant was not present at the time the judgment of July 30, 1962, was imposed, appellant must be resentenced in his presence, and directed appellant be returned to the court to be resentenced in accordance with the provisions of 18 U.S.C. § 4208(b). By the same memorandum the court denied appellant's petition for declaratory judgment and refused to consider the petition for writ of prohibition which was filed in the District Court but directed to this Court.

On August 14, 1964, appellant was returned to the District Court for the purpose of resentencing the appellant, and in the presence of appellant and his counsel the District Court inquired if appellant's counsel had any cause to show why judgment should not be pronounced. Counsel for appellant objected to the resentencing of appellant on the ground that the court was without jurisdiction to do so because the resentencing would be in violation of the 180 day limitation contained in 18 U.S.C. § 4208(b), and in violation of the Fifth and Sixth Amendments to the Constitution of the

---

helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

3. 18 U.S.C. § 4208(a) (2) provides:
"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) * * *, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

United States. Whereupon, the following colloquy occurred:

"THE COURT: Are you objecting to me sentencing the Defendant at this time?

MR. MARTIN [Appellant's counsel]: Yes, your Honor.

THE COURT: All right, I will just let the original sentence of twenty years stand then. The Defendant is remanded to the custody of the Marshal."

In the proceedings of August 14, 1964, and before the sentencing of appellant, the Court failed to accord appellant his right of allocution, and on the court's own motion returned appellant to the District Court on December 8, 1964, for the purpose of according to appellant his right of allocution. In the presence of appellant and his counsel the District Court informed them of the purpose of the hearing. Appellant's counsel objected to the proceedings on the ground the court was without jurisdiction to resentence appellant. Upon inquiry by the court of appellant if he cared to say anything on the subject of the sentence, appellant replied:

"THE DEFENDANT: Yes. Am I to understand that my right of elocution (sic) is going to come after the sentence?

THE COURT: No, right now, your sentence——

THE DEFENDANT: My sentence has been vacated?

THE COURT: The sentence that I have heretofore pronounced is set aside for the purpose of giving you an opportunity to be heard at this time."

The appellant refused to exercise his right of allocution. Whereupon, the court stated:

"THE COURT: In this case I reaffirm the sentence, but I am going to modify it to this extent, and I notice that I didn't do this last time, but it is pronounced under the provisions of Title 18, United States Code, Section 4208(a) (2), which makes you eligible for immediate parole. It is in the hands of the Parole Board as to how quickly you get parole in this matter.

"The sentence will remain the same, at twenty years.

"The Defendant is remanded to the custody of the Marshal."

Following the hearing the District Court signed and filed a "Modified Judgment" wherein, after stating that the appellant had been convicted upon his plea of guilty of the offense of violating 18 U.S.C. § 2113(a), as charged in the indictment, the court having asked appellant whether he had anything to say why judgment should not be pronounced, and that no sufficient cause to the contrary being shown or appearing to the court, provides:

"and the Court having this day affirmed judgment pronounced on May 4th, 1962,

"IT IS ADJUDGED that the defendant is guilty as charged and convicted, and sentence pronounced on May 4th, 1962 is hereby modified.

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TWENTY (20) YEARS and that the defendant shall become eligible for parole at such time as the Board of Parole may determine pursuant to the provisions of Title 18 USC Section 4208(a) (2)."

The record discloses that appellant was enlarged on bail on December 2, 1966, pending disposition of this appeal.

The contentions of appellant on this appeal present two basic questions. First, was the District Court without jurisdiction when it resentenced appellant on August 14, 1964, and when it modified such sentence on December 8, 1964? and Second, was there unreasonable delay in the sentencing of appellant?

Before further discussion we should note that the conviction of appellant upon his plea of guilty to the offense charged has never been attacked or vacated, and that the underlying

judgment of conviction still stands unaffected by subsequent events. We further note from United States v. Behrens, supra, that the sentence imposed upon the appellant on May 4, 1962, is "wholly tentative", and that the sentence imposed on July 30, 1962 was the "final sentence." In this respect the Supreme Court stated at pages 164, et seq., 84 S.Ct. at page 296:

"It is plain that as far as the sentence is concerned the original order entered under § 4208(b) is wholly tentative. That section merely provides that commitment of a defendant to the custody of the Attorney General 'shall be deemed to be for the maximum sentence,' but does not make that the final sentence. The whole point of using § 4208(b) is, in its own language, to get 'more detailed information as a basis for determining the sentence *to be imposed * * *.*' (Emphasis supplied.) It is only after the Director of the Bureau of Prisons makes his report that the court makes its final decision as to what the sentence will be. Rule 43 of the Federal Rules of Criminal Procedure specifically requires that the defendant be present 'at every stage of the trial including * * * the imposition of sentence * * *.' It is true that the same rule provides that a defendant's presence is not required when his sentence is reduced under Rule 35. But a reduction of sentence under Rule 35 is quite different from the final determination under § 4208 (b) of what a sentence is to be. Rule 35 refers to the power of a court to reduce a sentence which has already become final in every respect. There is no such finality of sentence at a § 4208(b) preliminary commitment. The use of § 4208(b) *postpones* action as to the final sentence; by using that section the court decides to await studies and reports of a defendant's background, mental and physical health, etc., to assist the judge in making up his mind as to what the final sentence shall be. It is only then that

the judge's final words are spoken and the defendant's punishment is fixed. It is then that the right of the defendant to be afforded an opportunity to make a statement to the judge in his own behalf is of most importance. This right, ancient in the law, is recognized by Rule 32(a) of the Federal Criminal Rules, which requires the court to 'afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.' This right would be largely lost in the § 4208 proceeding if for administrative convenience the defendant were not permitted to invoke it when the sentence that counts is pronounced. We hold that it was error to impose this sentence in the absence of respondent and his counsel." [Footnote omitted.]

■ In the instant case it is clear that the District Court erred when, modifying the sentence of May 4, 1962, it imposed the sentence of July 30, 1962, in the absence of appellant and his counsel. But for such error the sentence of July 30, 1962, was a final sentence.

■ In our view the sentence of twelve years imposed on July 30, 1962, notwithstanding its infirmity caused by the absence of the appellant at the time of the imposition of sentence, was final in fixing the maximum sentence which could thereafter be imposed by the District Judge.

In his petition filed on March 9, 1964, appellant sought to have the last mentioned sentence vacated on the ground that it was error to impose such sentence in the absence of appellant. At the time of the filing of the petition, he was acting pro se.

■ At the hearing on appellant's petition held on August 14, 1964, when counsel for appellant objected to the resentencing of appellant on various statutory and constitutional grounds, the District Court reimposed the twenty year tentative sentence imposed on May 4, 1962. This was error.

■ We do not think that the July 30, 1962 sentence was void, even though it was imposed in appellant's absence. See Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 174, 21 L.Ed. 872 (1874): "The judgment first rendered, though erroneous, was not absolutely void. It was rendered by a court which had jurisdiction of the party and of the offense, * * *. The error of the court * * did not make the judgment wholly void." The July 30, 1962 sentence was voidable at appellant's request, or on the court's own motion. But it was a sentence, and its effect was to render the May 4, 1962 sentence *functus officio*. United States v. Behrens, supra.

■■ It follows that when the court undertook to resentence appellant on August 14, 1964, the only existing sentence was that of July 30, 1962, which fixed the maximum at 12 years. The purpose of having appellant present, as stated in United States v. Behrens, supra, was to enable him to present information in mitigation of punishment. His right to do so should not be conditioned upon the possibility that the July 30, 1962 sentence, imposed in his absence, might be increased. See Green v. United States, 355 U.S. 184, 193, 78 S.Ct. 221, 2 L.Ed. 2d 199 (1957). For the same reasons, the court could not increase the maximum sentence of 12 years, imposed on July 30, 1962, when it afforded appellant his right of allocution on December 8, 1964.

Although we do not reach the question, it appears likely that a contrary result would run afoul of the constitutional protection against double jeopardy. Ex parte Lange, supra; Green v. United States, supra.

While the record discloses delay in sentencing appellant, much of the delay was caused by the failure of the District Court to anticipate the holding of the Supreme Court in United States v. Behrens, supra, requiring the presence of a defendant in imposing the "final" sentence under § 4208(b). This, unfortunately, was the general practice that prevailed in the District Court prior to the United States v. Behrens decision. See Warren v. Richardson, 333 F.2d 781, 784 (9th Cir. 1964).

■ Where such error has been committed, however, the defendant is entitled only to be returned to the District Court to have the question of final sentence considered and to be afforded the right of allocution, and he is not entitled to be released. Warren v. Richardson, supra. See also White v. United States, 354 F.2d 22 (9th Cir. 1965); United States v. O'Brien, 349 F.2d 375 (4th Cir. 1965).

■ Delay was also caused by various petitions filed by the appellant which required time for research and study before proper disposition could be made. As stated in Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957):

"Whether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances. See, e. g., Beavers v. Haubert, 198 U.S. 77, 87 [25 S.Ct. 573, 576, 49 L.Ed. 950]; Frankel v. Woodrough, [8 Cir.,] 7 F.2d 796, 798. The delay must not be purposeful or oppressive."

We do not believe that the delay in the instant case was purposeful or oppressive.

Under the provisions of § 4208(b), the term of the sentence to be imposed shall run from the date of the original commitment under that section. Since we are of the view the sentence to be imposed on remand should not exceed twelve years, and should provide that the sentence shall commence as of May 4, 1962, we are unable to say that the delay has been prejudicial to the appellant.

The twenty year sentence imposed on August 14, 1964, and as modified on December 8, 1964, is vacated, and the District Court is instructed to cause appellant to be returned before the bar of the Court for further proceedings in the exercise of its jurisdiction under § 4208 (b) consistent with the views herein expressed.