**Perry WHALEY, Appellant,**

v.

**STATE OF NORTH CAROLINA,**
Appellee.

**No. 10583.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1966.

Decided June 14, 1967.

Reginald S. Hamel, Salisbury, N. C., (Court-assigned counsel) for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen., of North Carolina, (T. W. Bruton, Atty. Gen. of North Carolina, on brief) for appellee.

Before SOBELOFF, J. SPENCER BELL* and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

This petitioner was convicted and sentenced on separate but related charges, the sentences on some to begin at the expiration of the sentence on the "anchor" charge. On appeal, judgment on the anchor charge being set aside on non-constitutional grounds, the sentences on the "dependent" charges were remanded for reconsideration. The legal issue is whether, on remand, the trial judge could properly increase the sentences on the dependent charges.

In May, 1964, defendant Perry Whaley, in a trial by jury, was convicted on five separate counts, all felonies, as follows:

*Case No. 5632*

Count 1: breaking and entering

Count 2: larceny of $500.00

Count 3: safecracking

The punishment meted out was ten years on the charge of safecracking, and five years each on Counts 1 and 2,

---

* Judge Bell participated in the hearing and concurred in the disposition of the case but died before the opinion was prepared.

the sentences on these counts to run concurrently with each other, but to begin at the expiration of the ten-year sentence.

*Case No. 5632B*

Count 1: breaking and entering

Count 2: larceny of $1,200.00

A five-year sentence was passed on each of Counts 1 and 2, to run concurrently with each other, and to begin at the expiration of the sentences in Case 5632. The total imprisonment imposed in the two cases, therefore, was twenty years.

On direct appeal to the Supreme Court of North Carolina, judgment on the safecracking charge was set aside for non-constitutional error.[1] The state elected not to retry that charge, and since the sentences on the other counts were to begin at the expiration of the invalid sentence, it was deemed necessary to remand the case to the trial court for clarification of the remaining sentences. The defendant was then brought before a judge who had not presided at the trial, and he imposed sentences of ten years instead of five, as theretofore, for each of the breaking and entering counts. Consequently, the time to be served on the surviving four counts was made to equal the term originally imposed on all five counts—a total of twenty years of imprisonment. In other words, he is deprived of any benefit from the obliteration of the safecracking count, and is left in precisely the same position as before.

On appeal, the Supreme Court of North Carolina summarily affirmed the judgments on the ground that the punishment imposed on resentencing did not exceed the permissible statutory maximum. Whaley then sought a state post-conviction hearing for review of his case, but was again denied relief. He was equally unsuccessful in the federal district court, where he petitioned for a writ of habeas corpus, contending that the increase in punishment on remand placed him twice in jeopardy.

The defendant renews this argument in the present appeal, relying on the "implied acquittal" theory adopted by the Supreme Court in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). A similar contention was fully discussed in Patton v. State of North Carolina, 4 Cir., 381 F.2d 636, Part IV (decided this day), and for the reasons therein stated we prefer to emphasize that aspect of the double jeopardy doctrine which bars a double punishment for the same offense. We think that an increase in the original sentence is such a double punishment. Courts have consistently held that increasing a valid sentence is violative of the double jeopardy clause. E. g., United States v. Sacco, 367 F.2d 368 (2d Cir. 1966); United States v. Adams, 362 F.2d 210 (6th Cir. 1966); Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964).

The State may not require an accused to relinquish his constitutional right to protection from multiple punishment as a condition of correcting an erroneous conviction.[2] Clear support for this view is found in this court's decision in United States v. Walker, 346 F.2d 428 (4th Cir. 1965), treated more extensively in *Patton*. There the defendant, having applied for correction of his defective sentence, was given a more severe penalty. This was held to violate the Fifth Amendment to the Constitution, not only by punishing the defendant twice for the same offense, but also

---

1. Count 3 was set aside on the ground that the bill of indictment did not contain the word "feloniously."

  "We have repeatedly held that bills of indictment charging felonies, in which there has been a failure to use the word 'feloniously,' are fatally defective, unless the Legislature otherwise expressly provides."

262 N.C. 536, 138 S.E.2d 138 (1964).

2. The basis on which we find the prohibitions against double jeopardy applicable to the states is discussed in Patton v. State of North Carolina, —— F.2d ——, note 20, decided this day.

by unfairly conditioning his right to seek correction of the defective sentence.[3]

A case directly in point is Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948), where the defendant was initially sentenced to serve two years and one month on one count and a similar term on each of the second and third counts, to be served concurrently with each other, following expiration of the sentence on the first count. On appeal, the First Circuit held that Count 1 failed to charge a separate offense, and thus the sentence on that count was invalid. Since the time already served under the invalid sentence equalled that remaining under the valid sentences imposed on Counts 2 and 3, the court ordered his immediate release. Acknowledging that the defendant could initially have been sentenced to a maximum of three years on each of the two remaining counts, to run *consecutively*, the court observed that merely because the trial judge *could* have imposed a greater punishment, "the matter may not be treated as though he had done so." "The concurrent sentences on counts 2 and 3 were valid as originally imposed" and that was all the defendant could be required to serve.

> "It would trench upon the double jeopardy clause if appellant were now faced with the possibility of an increase of the sentences imposed upon counts 2 and 3."

167 F.2d at 388.

 Our appellant advances the additional argument, that harsher resentencing following a successful appeal from a conviction is a denial of equal protection. This argument is premised on the circumstance that the risk of an increased sentence is borne exclusively by those pursuing one of the State's post-conviction remedies, an arbitrary and unreasonable classification for the selection of those subjected to the risk. We have upheld this argument in Patton v. State of North Carolina, 381 F.2d 636, Part III, decided this day, and we hold it equally applicable in the circumstances of the present case.

The questions presented here are substantially similar to those extensively considered and decided today in *Patton*. For the reasons there articulated, we reverse the dismissal of the petition and order that the defendant be released unless the state constitutionally resentences him to a term not exceeding ten years from the date of his original sentence in May, 1964, with full credit for time already served.

Reversed.

---

3. Accord, Walsh v. United States, 374 F. 2d 421, 425 (9th Cir. 1967), holding that the sentence imposed initially

> "notwithstanding its infirmity caused by the absence of the appellant at the time of the imposition of sentence, was *final* in fixing the *maximum* sentence which could thereafter be imposed by the District Judge."

(Emphasis supplied.) The court reasoned that the defendant's right to be present should not be conditioned upon the possibility that the original sentence might be increased. It noted that a contrary result would very likely "run afoul of the constitutional protection against double jeopardy", citing Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) and Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Id., 374 F.2d at 426.