**Darl Dee PARKER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17882.**

United States Court of Appeals,
Seventh Circuit.

Oct. 29, 1970.

John D. Shullenberger, Chicago, Ill., Robert B. Newman, Emory, University Law School, Atlanta, Ga., for appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SWYGERT, Chief Judge, DUF-FY, Senior Circuit Judge and CUM-MINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

On June 22, 1969, the petitioner (appellant) filed a motion under 28 U.S.C. § 2255 to vacate and set aside his conviction for federal bank robbery. An indictment (No. 1701) filed May 9, 1958, charged petitioner and another in Count I with robbing the Lincoln National Bank and Trust Company of Fort Wayne, Indiana, in violation of 18 U.S.C. § 2113 (a). Count II charged that petitioner committed an assault in the course of such robbery in violation of 18 U.S.C. § 2113(d). A warrant was issued. Appellant was arrested and confined in the Fort Wayne, Indiana jail.

On June 10, 1958, petitioner Parker broke out of jail. He was recaptured in Ohio after a gun battle. A second indictment (No. 1714) charged the jail break and that petitioner forced one Fred L. Bolten to accompany him in his flight from prison without Bolten's consent, in violation of 18 U.S.C. § 2113(e). Under that section, the death penalty could be imposed but only upon a jury verdict of guilty.

Petitioner pleaded not guilty to the indictment in No. 1701 but the following day changed his plea to "Not guilty by reason of insanity." Thereafter, he changed his plea to not guilty after the Court, on May 8, 1959, had made a finding of sanity. On that date, petitioner also pleaded not guilty to the kidnapping escape charge in indictment No. 1714.

The date of the trial was set for May 25, 1959. Shortly before the trial was to commence, petitioner abandoned his not guilty pleas and his right for a trial by jury. He submitted to the trial judge written petitions to change his plea to guilty on each indictment. His attorney also signed the petitions for a change in pleas.

In the petition, appellant recited that his attorneys had informed him of any possible defenses and also of the punishment which could be imposed. Also, in the petitions, appellant stated: "I know the court will not accept a plea of 'Guilty' from anyone who claims to be innocent, and, with that in mind and because I make no claim of innocence, I wish to plead 'Guilty' and respectfully request the Court to accept my plea as follows: Guilty on Count I. Guilty on Count II." Appellant's petitions were accompanied by a certificate of petitioner's then counsel. Before the plea was accepted, however, the trial judge questioned appellant at length concerning the voluntariness of his guilty plea. Appellant admitted doing all the acts with which he was charged, and acknowledged that his pleas were completely voluntary in nature.

In the current proceeding, petitioner argues that the decisions of the United States Supreme Court in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317, which declare the death penalty clauses of the Federal Kidnapping Act (18 U.S.C. § 1201(a)) and the Federal Bankrobbery Act (18 U.S.C. § 2113(e)) unconstitutional, should be applied retroactively to this case. Accordingly, petitioner moves to vacate his plea of guilty to the 18 U.S.C. § 2113(e) charge as being needlessly encouraged by the fear of the death penalty as condemned in the *Jackson* and *Pope* decisions. We decline to accept petitioner's argument because we find the more recent Supreme Court decision, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) dispositive of the issue before us.

In *Brady*, the petitioner had been charged under the kidnapping statute (18 U.S.C. § 1201(a)) and had subsequently pled guilty. The trial judge had questioned Brady extensively concerning the truthfulness and voluntariness of his guilty plea. Brady admitted doing the acts charged and stated that the guilty plea was voluntarily given. In addition, it appeared that Brady's decision to change his plea to guilty was, in part, precipitated by a similar plea given his accomplice in the crime charged. Nevertheless, Brady contended that "*Jackson* requires the invalidation of every plea of guilty entered under that section (Section 1201(a)), at least when the fear of death is shown to have been

a factor in the plea." (397 U.S. at 746, 90 S.Ct. at 1468).

In *Brady*, the Supreme Court stated that petitioner Brady had read far too much into the *Jackson* opinion. The Court stated (397 U.S. at 747, 90 S.Ct. at 1468): "Plainly, it seems to us, *Jackson* ruled neither that all pleas of guilty encouraged by the fear of a possible death sentence are involuntary pleas nor that such encouraged pleas are invalid whether invlountary or not. *Jackson* prohibits the imposition of the death penalty under § 1201(a), but that decision neither fashioned a new standard for judging the validity of guilty pleas nor mandated a new application of the test theretofore fashioned by courts and since reiterated that guilty pleas are valid if both 'voluntary' and 'intelligent.' "

The Court went on to state in *Brady* (397 U.S. 749–750, 90 S.Ct. at 1469): "But even if we assume that Brady would not have pleaded guilty except for the death penalty provision of § 1201(a), this assumption merely identifies the penalty provision as a 'but for' cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act."

In *Brady*, the Supreme Court declined to hold "that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." (397 U.S. at 751, 90 S.Ct. at 1470).

With these statements from the *Brady* case in mind, we turn to appellant Parker's situation and find it remarkably similar to that case. Brady first pleaded Not Guilty and prior to changing his mind was not subjected to any threats or promises.

▮ Parker had competent counsel and a full opportunity to assess the ad-

vantages and disadvantages of trial as compared with those which would follow a plea of "Guilty." Moreover, the trial judge in the instant case was sensitive to the requirements of the law in respect to guilty pleas. The judge made a careful and extensive inquiry as to the voluntary nature of appellant's change of plea to that of "Guilty." It was only after this extensive examination in which appellant directly admitted doing all the acts with which he was charged that the plea was accepted. The fact that appellant pled guilty to a charge under a statute which was later declared unconstitutional ·does not necessarily mean that the plea should be voided, for as the Supreme Court stated in' *Brady* "* * * a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." (397 U.S. at 757, 90 S.Ct. at 1473).

Consistent with the *Brady* decision, it is the duty of this Court to look at all the factors to determine if appellant was coerced into his guilty plea. Appellant insists that *the* factor was the presence of the death penalty but this is refuted by his petition for a change of plea, by the certificate of his counsel and also statements made in Court by appellant.

It should be noted that in 1965, Parker represented to this Court in a similar § 2255 petition that the reason for his change of plea to guilty, at least to the other charges of the indictment, was because of an alleged promise made to him concerning leniency for a brother.[1] Even considering the fact that in 1965 Parker chose to attack only the other charges, such statement is entirely inconsistent with the claim which he now makes.

In denying the motion to vacate the conviction and sentence the District Court made a statement as to its reasons for so doing. A part of that statement reads:

"On this question (the voluntariness of Parker's plea), the court is presented

1. Parker v. United States, 7 Cir., 358 F.2d 50 (1965).

with a laudably complete record. When petitioner decided to plead guilty, his able counsel filed with the court a 'Petition to Enter a Plea of Guilty' which sets forth in detail the reasons for petitioner's plea of guilty. The petition was signed by Parker in open court. While Paragraph 5 of this petition indicates that Parker was aware that the court could not sentence him to death upon a guilty plea, other parts of the petition clearly show that that factor was not the motivation for his plea. * * * "

We think it is very clear from the record before us that appellant's plea of guilty was voluntarily and intelligently made, and we agree with the District Court that there is no reason to doubt that his solemn admission of guilt was truthful.

In our view, petitioner-appellant Parker is not entitled to any relief pursuant to his motion to vacate and set aside the judgment.

The Court wishes to thank Mr. Robert B. Newman and Mr. John D. Shullenberger, court appointed counsel, for their able and devoted services which they rendered on behalf of petitioner in this case.

The judgment denying relief pursuant to Title 28 U.S.C. § 2255 is

Affirmed.