**B. Ellis ROBINSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 18720.**

United States Court of Appeals, Seventh Circuit.

June 18, 1971.

B. Ellis Robinson, pro se.

William C. Lee, U. S. Atty., Fort Wayne, Ind., David M. Quinn, Sp. Atty., U. S. Dept. of Justice, for defendant-appellee.

Before DUFFY, Senior Circuit Judge, STEVENS, Circuit Judge and CAMP-BELL, Senior District Judge.[1]

PER CURIAM.

This is an appeal from an order dismissing a petition filed under Title 28 U.S.C. § 2255. On petitioner's plea of guilty, he was convicted of first degree murder (18 U.S.C. § 1111), murdering an employee of the Bureau of Narcotics, and was sentenced for a term of life imprisonment.

Petitioner urges that the sentencing provision of 18 U.S.C. § 1111 is unconstitutional in that it needlessly encourages waiver of his right to trial by jury. He relies on United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968) where the sentencing provisions of the Federal Kidnapping Act and the Federal Bank Robbery Act were respectively held unconstitutional because they required that a death sentence could be imposed only by a jury verdict.

We do not reach petitioner's constitutional argument because we find that he lacks proper grounds to challenge his guilty plea. Recent decisions of the United States Supreme Court and of this Circuit have made it clear that the *Jackson* and *Pope* decisions did not alter the traditional rules for overturning

1. Judge Campbell, Senior District Judge, sitting by designation.

pleas of guilty. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), Parker v. United States, 433 F. 2d 15, (7 Cir., 1970).

With respect to the kidnapping escape sentencing provision (which already had been declared unconstitutional), the *Brady* Court stated: " * * * *Jackson* prohibits the imposition of the death penalty under § 1201(a), but that decision neither fashioned a new standard for judging the validity of guilty pleas nor mandated a new application of the test theretofore fashioned by courts and since reiterated that guilty pleas are valid if both 'voluntary' and 'intelligent'." 397 U.S. at 747, 90 S.Ct. at 1468. In construing *Brady*, this Court recently stated: "Consistent with the Brady decision, it is the duty of this Court to look at all the factors to determine if appellant was coerced into his guilty plea." Parker v. United States, *supra,* 433 F.2d at 17.

Examining petitioner's challenge under the traditional standards of voluntariness and intelligence, we do not think there are sufficient grounds alleged to warrant the holding of an evidentiary hearing. Petitioner asserts that the sole factor which induced him to plead guilty was the presence of the death penalty in the statute. Taking that allegation as true, it is still insufficient to merit relief. As the Court said in *Brady* of a different statute: "But even if we assume that Brady would not have pleaded guilty except for the death penalty provision of § 1201(a), this assumption merely identifies the penalty provision as a 'but for' cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act." 397 U.S. at 749–750, 90 S. Ct. at 1469–1470. Petitioner has asserted no other reasons which might lead us to believe that his plea was coerced.

Because we hold that petitioner's plea of guilty is not subject to attack on the facts as alleged, we do not reach the question of whether the sentencing provision of 18 U.S.C. § 1111 is sufficiently distinguishable from the statutes involved in *Jackson* and *Pope* so as to pass the scrutiny of constitutional attack.

Affirmed.