**Joseph W. CABRERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 71–1954.**

United States District Court,
D. Massachusetts.

Sept. 12, 1972.

Goodwin, Proctor & Hoar, Don M. Kennedy, Boston, Mass., for plaintiff.

Lawrence P. Cohen, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO VACATE SENTENCE

JULIAN, Senior District Judge.

This case is before the Court on the motion of a Federal prisoner under 28 U.S.C. § 2255 to vacate a sentence of five years' imprisonment for violation of 18 U.S.C. §§ 371 and 2314. Petitioner, Joseph William Cabrera, was convicted by a jury on two counts of a four-count indictment on April 9, 1965.[1] On January 5, 1966, petitioner's conviction—as well as those of three codefendants—was reversed on the ground of prejudicial remarks made by the prosecutor in the course of his closing argument to the jury. Kitchell v. United States, 354 F.2d 715 (1 Cir. 1966). The case was remanded for a new trial before the same district judge who presided over the first trial.[2] On the third day of trial, November 3, 1966, after completion of the Government's evidence, peti-

---

1. United States v. Cabrera et al., Cr.A. 64–210–C.

2. No longer would a remanded case routinely remain on the docket of the original district judge. See Rule 8(i) of the Local Rules of the U.S. District Court for the District of Massachusetts, effective September 1, 1967.

tioner decided to withdraw his plea of not guilty and to tender a plea of guilty. Following a complete Rule 11 inquiry, the adequacy of which is not challenged by petitioner, the trial judge, satisfied that the plea was made understandingly, with knowledge of all possible consequences, and voluntarily, accepted petitioner's plea of guilty and the plea was entered. Petitioner received the same five-year sentence imposed upon his original conviction, with a reduction for time spent in Federal custody before the first trial.

Petitioner's section 2255 motion alleges 1) that the trial judge, having read petitioner's presentence report[3] in connection with the initial conviction, violated Fed.R.Crim.P. 32(c)(1) in sentencing petitioner after accepting his plea of guilty[4] at the second trial; and 2) that petitioner's plea of guilty was involuntary in that it was motivated by petitioner's fear of an unfair trial before a trial judge prejudiced by information contained in the presentence report. The first contention raises a question of law, viz., whether a judge before whom a defendant is convicted may legally impose sentence upon the defendant after reversal of the conviction and after the new trial culminated in a plea of guilty, if that judge had read the presentence report on the defendant after verdicts of guilty but before sentencing him at the first trial. A subsidiary factual issue is whether the defendant in such a case is in any way prejudiced by the fact that the trial judge has read the presentence report prior to the subsequent verdict or plea of guilty. Petitioner's second contention—that his plea of guilty was involuntary—raises solely a question of fact.

On September 6, 1972, the Court held an evidentiary hearing at which peti-

tioner proved, without dispute, the facts and chronological sequence of conviction, sentencing, reversal, remand, retrial, plea of guilty, and sentencing. Petitioner further adduced evidence that the trial judge requested petitioner's presentence report after the first trial in preparation for the imposition of sentence. By a stipulation filed on September 8, 1972, the parties agreed that at all times relevant to this action it was the practice of the trial judge to read presentence reports prepared and submitted pursuant to Rule 32(c) after a plea of guilty or a finding of guilty and before imposing sentence on defendants in criminal actions. Petitioner testified that, at the time of the second trial, he was aware that a presentence report had been submitted to the trial judge after the first conviction. It was also petitioner's testimony that he decided to plead guilty, in part, because he feared that the presentence report had prejudiced the trial judge, rendering a fair trial unlikely.

The Government contends 1) that the trial judge did not violate Fed.R.Crim. P. 32(c)(1); 2) that, in any case, defendant was not prejudiced by retrial and sentencing before the same judge; 3) that petitioner was not motivated by fear of an unfair trial; and 4) that, if petitioner was so motivated to plead guilty, his fear does not suffice to invalidate the plea as involuntary.

### Presentence Report and Prejudice

■ On the basis of the evidence and arguments of counsel, the Court finds petitioner's contention that the trial judge violated Rule 32(c)(1) unpersuasive. Petitioner concedes that it was proper for the trial judge, after verdicts of guilty had been returned at the first trial, to receive, read and consider the

---

3. Exh. 2 (impounded).

4. Fed.R.Crim.P. 32(c)(1) provides as follows:

"The probation service of the court shall make a presentence investigation and report to the court before the im-

position of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty."

presentence report before he imposed sentence on the defendant the first time. Citing no authority for the proposition, petitioner nevertheless asserts that the trial judge violated Rule 32(c)(1) "in effect"[5] by failing to disqualify himself at the second trial. The petitioner does not base his contention on the literal language of Rule 32(c)(1) itself, but rather on the underlying reason for promulgation of the rule, namely, the need to assure "the fact, as well as the appearance, that the judge is an arbiter and not an arm of the prosecution." United States v. Christakos, 83 F.Supp. 521 (N.D.Ala.1949), aff'd 178 F.2d 84 (5 Cir. 1949).

The Court finds that Rule 32(c)(1), the importance of which was underscored by the Supreme Court in Gregg v. United States, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), was not violated by the procedure followed in the petitioner's case, a case to which the rule plainly does not speak. However, the Court proceeds to scrutinize the record for any evidence of prejudice resulting from the uncontested fact that, at a time prior to the acceptance of defendant's plea of guilty at the second trial, the trial judge had read petitioner's presentence report. To find that the letter of Rule 32 was not violated without determining whether the possibility of prejudice which the rule is designed to prevent nonetheless exists, is to ignore the purpose of the rule altogether. See Gregg v. United States, *supra*, at 493–494, 89 S.Ct. 1134, 22 L.Ed. 2d 442.

Therefore, for the purpose of determining whether defendant was actually prejudiced, the Court will proceed as if Rule 32(c)(1) was in fact violated, as if such violation constitutes "error of the clearest kind,"[6] and as if such error is "presumptively prejudicial"[7] to petitioner. It remains clear that the evidence in the present case effectively rebuts any presumption of actual prejudice. First, it must be noted that petitioner nowhere alleges that the trial judge was, in fact, prejudiced by his reading of the contents of the presentence report. The pertinent allegation is simply that, at the time of his plea, petitioner feared that the judge had been prejudiced by information contained in the report.[8] Second, petitioner himself testified that the trial judge in no way and at no time manifested prejudice or bias of any kind. Third, the trial judge imposed the same sentence after petitioner's plea of guilty that he imposed after the jury returned a verdict of guilty in the first trial.[9] Fourth, the second sentence, 4 years and 211 days on each count, to be served concurrently, is substantially less than the maximum sentence provided by

---

5. Amended Motion Pursuant to 28 U.S.C. § 2255, par. 7.

6. Gregg v. United States, *supra*, at 492, 89 S.Ct. 1134, 22 L.Ed.2d 442. While the error may be "clear," it may also be "harmless" in a particular case. *See, e. g.*, United States v. Hopwood, 422 F.2d 348 (10 Cir. 1970).

7. Calland v. United States, 371 F.2d 295, 296 (7 Cir. 1966), cert. denied, 388 U.S. 916, 87 S.Ct. 2131, 13 L.Ed.2d 1358 (1967); see also Smith v. United States, 360 U.S. 1, 17–18, 79 S.Ct. 991, 3 L.Ed. 2d 1041 (1959) (concurring opinion of Clark, J.).

8. Petitioner testified that at no time was petitioner or his then-counsel allowed to read the presentence report.

9. In March of 1967, the Court of Appeals considered the propriety of the trial judge's imposition of a more severe sentence upon one of the petitioner's co-defendants following retrial. Marano v. United States, 374 F.2d 583 (1 Cir. 1967). In *Marano*, at 585–586 n. 3, the court stated: "If the court is taking the exceptional step of increasing a sentence following retrial, we suggest that in this instance its grounds for so doing should be made affirmatively to appear." Thus, at the time of petitioner's second sentencing on November 8, 1966, that suggestion, later endorsed by the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), had yet to be made.

statute.[10] In short, there is nothing in the evidence to indicate that the trial judge, in his conduct of the second trial or in sentencing petitioner after the change of plea, was in any respect actuated by prejudice against petitioner. Indeed, the evidence before this Court indicates the absence of any prejudice on the part of the trial judge.

The Court, therefore, finds and rules that Rule 32(c)(1) was not violated and that, alternatively, even if the rule was violated, or its purpose frustrated, no prejudice redounded to the petitioner.[11]

### Voluntariness of Plea of Guilty

It is important to emphasize the limited nature of petitioner's challenge of his plea of guilty on November 3, 1966. No attempt is made to question the validity of the Rule 11 proceeding conducted by the trial judge before accepting petitioner's plea of guilty. Petitioner does not claim that he pleaded guilty without understanding the nature of the charges against him, the possible consequences of his plea, or the constitutional rights waived by his plea. Nor does petitioner argue that the plea lacked a sufficient factual basis.[12] Petitioner's only claim is that, at the time of the second trial, he "feared that he would not receive a fair trial before [the trial judge] because [the latter] was cognizant of the information about petitioner contained in the presentence report," [13] and that such fear induced his plea of guilty.

■ On the basis of the evidence received at the hearing, the Court finds as a fact that petitioner was not in any way motivated by fear of an unfair trial when he tendered his plea of guilty at the close of the Government's evidence in the second trial. Several telling circumstances lead the Court to conclude that, on November 3, 1966, petitioner pleaded guilty voluntarily.

First, petitioner, in explaining why he decided to plead guilty before conclusion of the second trial, testified that he hoped his plea would induce the judge to impose a more lenient sentence than that pronounced upon his first conviction. Petitioner stated that he thought the Government's original recommendation of three years might then be accepted, that the sentence might be made to run concurrently with a state sentence which he was then serving in Vermont, and that the judge might increase the sentence if the jury returned another verdict of guilty. Petitioner further testified that he told the trial judge that his plea was voluntary because he did not

10. Violation of 18 U.S.C. § 371 is punishable by a fine of not more than $10,000 and/or imprisonment of not more than 5 years; violation of 18 U.S.C. § 2314 is punishable by a fine of not more than $10,000 and/or imprisonment of not more than 10 years.

11. Petitioner's approach to Rule 32(c)(1), holding a district judge who sentences with the aid of a presentence investigation and report to be disqualified from participation in the same case after reversal and remand, is "highly untenable in light of the decisions that a trial judge, who is familiar with a defendant's background by reason of having tried him in previous cases, is not thereby disqualified to try the same defendant in subsequent cases." Smith v. United States, 360 F.2d 590, 592 (5 Cir. 1966), citing United States v. Sansone, 319 F.2d 586 (2 Cir. 1963); Cox v. United States, 309 F.2d 614 (8 Cir. 1962), and Barnes v. United States, 241 F.2d 252 (9 Cir. 1956). As the court stated in Smith, supra, 360 F.2d at 592, "[i]ndeed, it has been held that a trial judge who has obtained background information on a defendant, for legitimate reasons, such as on consideration of a motion to reduce bail, and not in contravention of the proscription of Rule 32(c)(1), does not thereby render himself incompetent to try that defendant. Warren v. Richardson, 9 Cir., 1964, 333 F.2d 781." It is to be noted that, on September 21, 1964, the trial judge in petitioner's case also conducted the arraignment, during which bail was set at $10,000 with security.

12. In reversing petitioner's conviction, the Court of Appeals made clear that "the case . . . was adequately proved against all appellants." Kitchell v. United States, supra, 354 F.2d at 718.

13. Amended Motion pursuant to 28 U.S.C. § 2255, par. 9.

wish to appear to doubt the judge's integrity or to anger him. To be sure, petitioner also testified that he feared the prospect of an unfair trial, believing that information contained in the presentence report had prejudiced the judge against him. At no time, however, did petitioner observe any manifestation of prejudice on the part of the trial judge.

Aside from petitioner's admitted hope for leniency, petitioner's own testimony establishes that he failed to communicate his alleged fear of an unfair trial to his attorney, although he expressed only high regard for his counsel. Thus, no affidavit of bias or prejudice was filed pursuant to 28 U.S.C. § 144, nor was any other attempt made to bring to the court's attention the petitioner's misgivings about a second trial before the same judge. Petitioner testified that he simply did not know why he never spoke to his attorney about his fear of prejudice.

█ Furthermore, petitioner testified that, after November 3, 1966 (the date on which he pleaded guilty), he expressed his supposed reason for pleading guilty to no one until a "jailhouse lawyer" brought the case of Gregg v. United States, *supra*, to his attention in May or June of 1971. In September of 1971, petitioner filed a § 2255 motion *pro se*, in which extensive portions of the *Gregg* decision were excerpted. That motion was amended by court-appointed counsel and was filed, in amended form, on June 29, 1972. Thus, almost five years passed before petitioner was moved to express the fear of judicial prejudice which assertedly motivated his plea of guilty. Lapse of time before initiation of a collateral attack upon a judgment is a fact which the Court may properly consider in assessing the good faith and credibility of the moving party, as well as the quantum of proof required to sustain the attack. *See, e. g.*, Desmond v. United States, 333 F.2d 378, 381 (1 Cir. 1964); United States v. Wiggins, 184 F.Supp. 673 (D.D.C. 1960); Bishop v. United States, 223 F.2d 582, 586 (D.C. Cir. 1955).

Yet another circumstance which casts doubt upon the veracity of petitioner's allegation that his guilty plea was motivated by fear of an unfair trial is the timing of the plea itself, which occurred only after the Government had rested its case in the second trial. The fact the petitioner decided to plead guilty after hearing—for the second time—all the evidence against him seems more consistent with petitioner's admitted hope for leniency in sentencing than fear of an unfair trial, already so advanced.

The totality of circumstances, therefore, constrains the Court to conclude that petitioner's alleged fear of prejudice is, in fact, an afterthought stimulated by his learning of Gregg v. United States, *supra*. The Court, in so finding, is not unaware of the fact that such a fear, even if real, is at best a questionable basis upon which to invalidate a plea of guilty. Thus it has been held that a defendant's expressed fear of the death penalty in a capital case does not afford such a basis, see North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Parker v. United States, 433 F.2d 15 (7 Cir.), cert. denied, 401 U.S. 925, 91 S.Ct. 908, 27 L.Ed.2d 828 (1970). See also United States v. Webb, 433 F.2d 400 (1 Cir. 1970), cert. denied, 401 U.S. 958, 91 S.Ct. 986, 28 L.Ed.2d 242 (1971); Kent v. United States, 272 F.2d 795, 798 (1 Cir. 1959).

Accordingly, it is ordered that petitioner's motion under 28 U.S.C. § 2255 be, and the same hereby is, denied.