### STATE v. PERRY WHALEY.

(Filed 30 September, 1964.)

**1. Robbery § 1;    Indictment and Warrant § 9—**
> The violation of G.S. 14-89.1 is a felony, and an indictment therefor which does not contain the word "feloniously" is fatally defective.

**2. Criminal Law § 121—**
> Arrest of judgment for fatal defect of the indictment does not entitle defendant to his discharge, since the State, if it so elects, may put defendant to trial on a proper bill.

**3. Criminal Law § 161—**
> Where sentences on subsequent counts are made to begin at the expiration of the sentence on the count upon which judgment is arrested, the judgments on such counts must be set aside and the cause remanded for judgments thereon.

APPEAL by defendant from *Clarkson, J.,* April-May 1964 Session of CLEVELAND.

This is a criminal action in which defendant was tried and convicted of the following felonies:

(1)    Case No. 5632 (first count) — Breaking into and entering the Edwards Clinic, 5 July 1963.

(2)    Case No. 5632 (second count) — Larceny of $500 in money, the property of Dr. Joe Walker, 5 July 1963.

(3)  Case No. 5632 (third count) — "Safecracking," G.S. 14-89.1 — safe of Dr. Joe Walker, 5 July 1963.

(4)  Case No. 5632B (first count) — Breaking into and entering the house of Dr. Cecil Barrier, 21 July 1963.

(5)  Case No. 5632B (second count) — Larceny of money and property of Dr. Cecil Barrier, of the value of $1200, 21 July 1963.

Judgment was entered imposing active prison sentences as follows: (1) Case No. 5632 (third count), "Safecracking," 10 years; (2) Case No. 5632, first and second counts (consolidated for judgment), 5 years, to begin at the expiration of the 10-year sentence for safecracking; (3) Case No. 5632B, first and second counts (consolidated for judgment), 5 years, to begin at the expiration of the 10-year sentence for safe-cracking and the 5-year sentence in Case No. 5632, first and second counts.

*Attorney General Bruton, Assistant Attorney General Brady, and Staff Attorney Hornthal for the State.*
*Reuben L. Elam for defendant.*

PER CURIAM.  In this Court defendant moves in arrest of the judgment in case No. 5632, on the third count, for that the bill of indictment does not contain the word "feloniously." A violation of G.S. 14-89.1 is a felony. We have repeatedly held that bills of indictment charging felonies, in which there has been a failure to use the word "feloniously," are fatally defective, unless the Legislature otherwise expressly provides. *State v. Callett,* 211 N.C. 563, 191 S.E. 27. The motion must be sustained and the judgment arrested. This does not entitle defendant to be discharged on this count. The State, if it so elects, may put defendant to trial on a bill properly charging "Safecracking."

We find no error in the trial below on the other counts in the bills of indictment. However, since the sentences on those counts are to begin at the expiration of the sentence on the third count in the bill of indictment in case No. 5632 (safecracking), the judgments on such counts must be set aside and the cause remanded for judgment thereon. *State v. Sutton,* 244 N.C. 679, 94 S.E. 2d 797.

No. 5632 (third count) — Judgment arrested.

No. 5632 (first and second counts) and No. 5632B (first and second counts) — Sentences vacated and cause remanded for judgment.