STATE OF NORTH CAROLINA v. CHRISTOPHER LEON BLAKNEY

No. COA02-592

(Filed 18 March 2003)

## 1. Drugs— felonious possession of marijuana—indictment—"felonious" not mentioned

An indictment did not support a guilty plea to felonious possession of marijuana where it did not contain the word "felonious" and did not refer by number to N.C.G.S. § 90-95(d)(4), which provides for felonious possession. Although the wording of the indictment might lead to the statute, the words by themselves do not provide specific notice of the statute.

## 2. Sentencing— habitual felon indictment—prior to substantive felony indictment

The issuance of an habitual felon indictment before a substantive felony indictment does not by itself void the habitual felon indictment if the notice and procedural requirements of the Habitual Felons Act have been complied with. In this case, the substantive felony indictment was returned well in advance of the judicial proceeding, so that there was a pending felony prosecution to which the habitual felon prosecution could attach, and defendant had notice of the substantive charges and that he was being prosecuted as a recidivist. N.C.G.S. § 90-95(d)(4).

Appeal by defendant from judgment[1] dated 8 August 2001 by Judge Lindsay R. Davis in Forsyth County Superior Court. Heard in the Court of Appeals 18 February 2003.

---

1. We note that the judgment includes three file numbers: 01 CRS 00005, 00 CRS 59336, and 00 CRS 59338. Because neither the habitual felon indictment (01 CRS 00005) nor the substantive felony indictment (00 CRS 59336) contain any reference to the third file number, this Court is unable to discern its origin.

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Ligon and Hinton, by Lemuel W. Hinton, for defendant appellant.*

BRYANT, Judge.

Christopher Leon Blakney (defendant) appeals a judgment dated 8 August 2001 (1) entered pursuant to a guilty plea to the charges of felony possession of marijuana, possession with intent to sell and deliver marijuana, second-degree trespass, and resisting a public officer and (2) sentencing defendant as a habitual felon.

On 22 January 2001, the grand jury returned an indictment against defendant for having attained the status of habitual felon. On 5 February 2001, the predicate felony indictment was issued, charging defendant with possession with intent to sell and deliver marijuana, second-degree trespass, and resisting a public officer. This indictment was superceded by an indictment dated 25 June 2001, which added possession of marijuana pursuant to N.C. Gen. Stat. § 90-95(a)(3) as a fourth charge. According to this charge, "defendant . . . unlawfully and willfully did possess more than one and one-half ounces of marijuana[,] a controlled substance which is included in Schedule VI of the North Carolina Controlled Substances Act."

---

The issues raised are whether: (I) the superceding indictment charging defendant with possession of marijuana was fatally defective because it omitted the word "feloniously" and (II) the habitual felon indictment, having been returned two weeks before the substantive felony indictment, is void.

I

[1] With respect to the superceding indictment, defendant takes issue with the sufficiency of the possession of marijuana charge. Specifically, defendant contends, because the charge does not contain the word "feloniously," it failed to provide him with notice that he was being tried for a felony as opposed to a misdemeanor. Defendant relies on our Supreme Court's holding "that bills of indictment charging felonies, in which there has been a failure to use the word 'feloniously,' are fatally defective, unless the Legislature otherwise expressly provides." *State v. Whaley*, 262 N.C. 536, 537, 138 S.E.2d 138, 139 (1964); *see State v. Fowler*, 266 N.C. 528, 530, 146 S.E.2d 418,

420 (1966); *State v. Price*, 265 N.C. 703, 704, 144 S.E.2d 865, 867 (1965). *Whaley* and the line of cases that followed based their holding on the reasoning stated in a 1930's case, *State v. Callett*, which explained that the need to use the word "feloniously" in a felony indictment evolved "[s]ince all criminal offenses punishable with death or imprisonment in a State prison were by . . . section [14-1] declared felonies." *State v. Callett*, 211 N.C. 563, 564, 191 S.E. 27, 28 (1937). At the time this case law developed, N.C. Gen. Stat. § 14-1 simply defined a felony as punishable by either death or imprisonment, leaving felonies difficult to distinguish from misdemeanors unless denominated as such in the indictment. *See* N.C.G.S. § 14-1 (1953) (amended 1969). In 1969, however, the statute was changed and now defines a felony as "a crime which: (1) [w]as a felony at common law; (2) [i]s or may be punishable by death; (3) [i]s or may be punishable by imprisonment in the State's prison; or (4) [i]s denominated as a felony by statute." N.C.G.S. § 14-1 (1969) (same as current version of statute). While the felony-misdemeanor ambiguity that prompted the holdings in *Callett* and its progeny remains in effect today with respect to subsections (1) through (3), subsection (4) now expressly provides for statutory identification of felonies. *See Whaley*, 262 N.C. at 537, 138 S.E.2d at 139 (need to state "feloniously" in indictment "unless the Legislature otherwise expressly provides"). As such, subsection (4) affords any defendant notice of being charged with a felony as opposed to a misdemeanor, even without the use of the word "feloniously," provided the indictment gives notice of the statute denominating the alleged crime as a felony. Thus, while its inclusion is still the better practice, the word "feloniously" is not required for a valid felony indictment if the indictment references the specific statute making the crime a felony.

In this case, the indictment charging defendant with possession of marijuana only refers to N.C. Gen. Stat. § 90-95(a)(3), which makes it "unlawful for any person . . . [t]o possess a controlled substance" and does not state whether this crime is a felony or a misdemeanor. N.C.G.S. § 90-95(a)(3) (2001). The charge in the indictment does state "defendant . . . unlawfully and willfully did possess *more than one and one-half ounces of marijuana*[,] a *controlled substance* which is included *in Schedule VI* of the North Carolina Controlled Substances Act." The indictment thus contains references to N.C. Gen. Stat. § 90-95(d)(4), which provides "[i]f the quantity of the controlled substance [possessed in violation of section 90-95(a)(3)] exceeds one and one-half ounces . . . of marijuana . . . the violation shall be punishable as a Class I felony." N.C.G.S. § 90-95(d)(4) (2001).

Although the indictment contains identifying words that would lead defendant reading section 90-95(d)(4) to conclude he had found the applicable section to the crime charged in this case, the words by themselves, without reference to the statute number, do not provide defendant with specific notice of the statute charging him with a felony. Accordingly, the indictment in this case, having failed to either use the word "feloniously" or to state the statutory section indicating the felonious nature of the charge, is invalid as it does not provide notice of the felony charge against defendant. Because this leaves the indictment fatally defective, the charge for possession of marijuana must be vacated. The State, however, may elect to re-indict defendant in accordance with this opinion. *See Whaley,* 262 N.C. at 537, 138 S.E.2d at 139.

II

**[2]** Defendant next challenges the validity of the habitual felon indictment. The Habitual Felons Act, N.C.G.S. §§ 14-7.1 to -7.6 (2001), allows for the indictment of a defendant as a habitual felon if he has been convicted of or pled guilty to three felony offenses. *State v. Allen,* 292 N.C. 431, 432-33, 233 S.E.2d 585, 586-87 (1977). "The effect of such a proceeding 'is to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past.' " *Id.* at 435, 233 S.E.2d at 588 (quoting *Spencer v. Texas,* 385 U.S. 554, 556, 17 L. Ed. 2d 606, 609 (1967)). The Habitual Felons Act requires two separate indictments, the substantive felony indictment and the habitual felon indictment, but does not state the order in which they must be issued. *See id.* at 434, 233 S.E.2d at 587. The Act "does not authorize an independent proceeding to determine [the] defendant's status as a habitual felon separate from the prosecution of a predicate substantive felony." *State v. Cheek,* 339 N.C. 725, 727, 453 S.E.2d 862, 863 (1995). The "habitual felon indictment is [necessarily] ancillary to the indictment for the substantive felony and cannot stand on its own." *State v. Winstead,* 78 N.C. App. 180, 182, 336 S.E.2d 721, 723 (1985); *see Cheek,* 339 N.C. at 728, 453 S.E.2d at 863 (citing *Allen,* 292 N.C. at 433, 233 S.E.2d at 587). In other words, the habitual felon indictment cannot be the sole charge on which the State proceeds at trial. *See Allen,* 292 N.C. at 436, 233 S.E.2d at 589 (where prior to the return of the habitual felon indictment "all the substantive felony proceedings upon which it [was] based had been prosecuted to completion and there was no pending felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding, the indictment . . . [failed] to charge a cognizable offense").

SPENCER v. ALBEMARLE HOSP.

[156 N.C. App. 675 (2003)]

In this case, the substantive felony indictment was not returned by the grand jury until two weeks after the habitual felon indictment but well in advance of the judicial proceeding. There was thus a "pending felony prosecution to which the habitual felon proceeding could attach." *Id.* Furthermore, at the time his guilty plea was entered, defendant had notice not only of the substantive charges against him but also that he was being prosecuted as a recidivist. *See Cheek*, 339 N.C. at 728, 453 S.E.2d at 863-64 (" '[o]ne basic purpose behind [the] Habitual Felons Act is to provide notice to [the] defendant that he is being prosecuted for some substantive felony as a recidivist") (quoting *Allen*, 292 N.C. at 436, 233 S.E.2d at 588). We therefore hold that the issuance of a habitual felon indictment prior to the substantive felony indictment does not by itself void the habitual felon indictment where the notice and procedural requirements of the Habitual Felons Act have been complied with.

Vacated in part and remanded for resentencing.

Judges HUNTER and ELMORE concur.