STATE OF NORTH CAROLINA v. TONY LAMONT FRINK

No. COA05-439

(Filed 4 April 2006)

**Rape— indictment for statutory rape—attempted second-degree plea—fatally defective**

    A conviction for attempted second-degree rape was a nullity where the indictment was for statutory rape, did not charge essential elements of the offense of attempted second-degree rape, and did not provide subject matter jurisdiction.

Appeal by defendant from judgment entered 4 October 2004 by Judge Clarence E. Horton, Jr., in Harnett County Superior Court. Heard in the Court of Appeals 7 February 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Brian C. Wilks, for the State.*

*Michelle FormyDuval Lynch, for defendant-appellant.*

JACKSON, Judge.

Tony Lamont Frink ("defendant") pled guilty to attempted second degree rape pursuant to a plea agreement providing that he would receive an active prison sentence of ninety-four to 122 months. Upon defendant's concession that he had a Prior Record Level IV based on nine record points, the trial court accepted the plea and entered judgment consistent with the plea agreement. Defendant filed timely notice of appeal.

This is an *Anders* appeal in which defense counsel asks this Court to conduct its own review of the record for possible prejudicial error. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 87 S. Ct. 2094, 18 L. Ed. 2d 1377 (1967); *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Defense counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders* and *Kinch* by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. However, defendant has not filed any written arguments, and a reasonable time for him to have done so has passed.

Under our review pursuant to *Anders* and *Kinch*, "we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *State v. Hamby*, 129 N.C. App. 366, 367-68, 499 S.E.2d 195, 195-96 (1998). In carrying out this duty, we will review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous. *Kinch*, 314 N.C. at 102-03, 331 S.E.2d at 667.

Our Supreme Court has stated that an indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense. *State v. McGee*, 175 N.C. App. 586, 623 S.E.2d 782, 784 (2006), citing *State v. Bartley*, 156 N.C. App. 490,

499, 577 S.E.2d 319, 324 (2003). Here, defendant was indicted for statutory rape of a person 13, 14, or 15 years of age. The indictment stated that defendant "unlawfully, willfully and feloniously did engage in vaginal intercourse with [the victim], a person of the age of 13 years[.]" However, defendant pled guilty to attempted second degree rape. The essential elements of attempted rape required the "intent to commit the rape and an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense." *State v. Freeman*, 307 N.C. 445, 449, 298 S.E.2d 376, 379 (1983). In addition, the essential elements of second degree rape under N.C. Gen. Stat. § 14-27.3 (2005) required:

(a) the person [to engage] in vaginal intercourse with another person: (1) By force and against the will of the other person; or (2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless.

In the present case, upon a full examination of all the proceedings, the indictment for statutory rape is insufficient to support a judgment on the offense of attempted second degree rape because although the indictment did allege that defendant engaged in vaginal intercourse, it did not allege that the intercourse was "with another person: (1) By force and against the will of the other person; or (2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless." N.C. Gen. Stat. § 14-27.3 (2005). The indictment fails on the face of the record because the indictment for statutory rape fails to charge essential elements of the offense of attempted second degree rape. Therefore, the indictment is fatally defective. We conclude that defendant's appeal is not wholly frivolous, and we must address this error.

Our Supreme Court held in *State v. Partlow*, 272 N.C. 60, 63, 157 S.E.2d 688, 691 (1967), that notwithstanding the "proper methods to raise the question of the sufficiency of a bill of indictment . . . if the offense is not sufficiently charged in the indictment, this Court, *ex mero motu*, will arrest the judgment." When an indictment is fatally defective, the trial court acquires no subject matter jurisdiction, and "if it assumes jurisdiction a trial and conviction are a nullity." *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (citation

**STATE v. FRINK**

[177 N.C. App. 144 (2006)]

omitted). The issue of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal. *In re S.D.A.*, 170 N.C. App. 354, 357-58, 612 S.E.2d 362, 364 (2005); *see State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981).

As previously stated, the indictment for statutory rape included in the record on appeal is insufficient to support a judgment on the offense of attempted second-degree rape. This Court may arrest defendant's judgment of attempted second-degree rape because the offense is not sufficiently charged in the indictment. The trial court did not have subject matter jurisdiction to enter the judgment against defendant because the indictment was fatally defective. Therefore, the resultant conviction was a nullity.

Vacate.

Judges WYNN and HUNTER concur.