STATE OF NORTH CAROLINA v. KIM ANTONIO GRIFFIN

No. COA10-1274

(Filed 19 July 2011)

**1. False Pretense— obtaining property by false pretenses— motion to dismiss—sufficiency of evidence—circumstantial evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of obtaining property by false pretenses. Every hypothesis of innocence need not be ruled out in order to conclude that the circumstantial evidence was sufficient for a reasonable person to infer that defendant was the person who used the stolen credit card shortly after he stole it.

STATE v. GRIFFIN

[213 N.C. App. 625 (2011)]

## 2. Indictment and Information— habitual felon—notice

The trial court had subject matter jurisdiction over a habitual felon indictment. The indictment was sufficient to give defendant notice of the basis of the habitual felon indictment when it referenced the case number, date, and county of a prior conviction.

Appeal by defendant from judgment entered 27 May 2010 by Judge W. Erwin Spainhour in Forsyth County Superior Court. Heard in the Court of Appeals 13 April 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Richard A. Graham, for the State.*

*Leslie C. Rawls, for defendant-appellant.*

STEELMAN, Judge.

Where the State presented circumstantial evidence that defendant obtained property by false pretense, the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence. Where the indictment for habitual felon was sufficient to provide defendant with notice of the offense charged, the trial court had subject matter jurisdiction.

## I. Factual and Procedural Background

On 15 January 2009 around 9:00 a.m., defendant went to Allied Roofing in Kernersville and asked the office manager, Kathryn Beckham, for a job application. 30 to 45 minutes after defendant left, Ms. Beckham noticed that her purse was missing. A surveillance video showed defendant taking Ms. Beckham's purse from behind her desk at 9:06, while she had left her office for a moment. The purse contained 8 to 10 personal and business credit cards, 2 debit cards, 500 dollars worth of jewelry, and some cash. That same day, at 9:30 a.m., one of Ms. Beckham's credit cards was used to purchase a computer for $371.49 at a Wal-mart 3.4 miles away from Allied Roofing. Ms. Beckham testified that the credit card used at Wal-mart belonged to her, that she did not use the credit card on 15 January 2009, and that she did not authorize anyone else to use it.

On 6 July 2009, defendant was indicted for the felonies of larceny from the person and obtaining property by false pretense arising out of these events. Defendant was also indicted for being an habitual felon. On 27 May 2010, a jury found defendant guilty of misdemeanor larceny and obtaining property by false pretense. Defendant pled

guilty to being an habitual felon and also the unrelated charges of attempted obtaining property by false pretense, possession of a stolen motor vehicle, and felony fleeing to elude arrest. Pursuant to the plea agreement, all charges were to be consolidated into one judgment for a Class C Felony. The trial court found defendant to be a level VI for felony structured sentencing, and sentenced defendant to an active term of 150 to 189 months imprisonment from the presumptive range of sentences.

Defendant appeals.

## II. Denial of Defendant's Motion to Dismiss

[1] In his first argument, defendant contends that the trial court erred when it denied defendant's motion to dismiss the charge of obtaining property by false pretense based upon the insufficiency of the evidence. We disagree.

### A. Standard of Review

Denial of a motion to dismiss is reviewed *de novo. State v. Smith,* 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). A motion to dismiss is properly denied if there is substantial evidence of each element of the offense charged and of the defendant's being the perpetrator of the offense. *State v. Williams,* 363 N.C. 689, 705-06, 686 S.E.2d 493, 504 (2009), *cert. denied,* —— U.S. ——, 178 L. Ed. 2d 90 (2010). Substantial evidence is evidence that a reasonable person might consider sufficient to support a conclusion. *Id.* at 706, 686 S.E.2d at 504.

When considering the sufficiency of the evidence, " 'the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences.' " *Id.* at 705, 686 S.E.2d at 504 (quoting *State v. Morgan,* 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004)). Moreover, a court's review of the sufficiency of the evidence is the same whether the evidence is circumstantial or direct. *State v. Garcia,* 358 N.C. 382, 413, 597 S.E.2d 724, 746 (2004), *cert. denied,* 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). " 'Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence.' " *State v. Taylor,* 337 N.C. 597, 604, 447 S.E.2d 360, 365 (1994) (quoting *State v. Stone,* 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988)). It is for the jury to weigh the evidence. *Thomas v. Morgan,* 262 N.C. 292, 295, 136 S.E.2d 700, 702 (1964).

### B. Analysis

Defendant argues that the State failed to establish that he was the perpetrator of the crime of obtaining property by false pretense. We hold that there was sufficient circumstantial evidence to permit a reasonable person to conclude that defendant was the perpetrator.

First, the surveillance video established that defendant took a purse containing Ms. Beckham's credit card at 9:06 a.m. Second, that credit card was used at 9:30 a.m. to purchase a laptop computer at Wal-mart, located only 3.4 miles from the scene of the theft. Third, the State presented evidence under Rule 404(b) of the North Carolina Rules of Evidence showing that defendant was involved in a similar crime.[1] Defendant speculates that it is possible that another person could have used the credit card. However, we need not rule out every hypothesis of innocence to conclude that the circumstantial evidence is sufficient for a reasonable person to infer that defendant was the person who used the stolen credit card shortly after he stole it. *See Taylor*, 337 N.C. at 604, 447 S.E.2d at 365.

This argument is without merit.

### III. Habitual Felon Indictment

[2] In his second argument, defendant contends that the trial court lacked subject matter jurisdiction over the habitual felon indictment because the indictment did not set forth the correct offense name of the third alleged offense. We disagree.

### A. Standard of Review

Questions of subject matter jurisdiction may be raised for the first time on appeal. *State v. Frink*, 177 N.C. App. 144, 147, 627 S.E.2d 472, 473 (2006). The trial court does not acquire subject matter jurisdiction over an indictment when it is fatally defective. *Frink*, 177 N.C. App. at 146, 627 S.E.2d at 473. The sufficiency of an indictment is reviewed *de novo*. *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (2009) *appeal dismissed, disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009).

### B. Analysis

An indictment is not facially invalid as long as it clearly sets forth the elements of the offense charged so that a person of common

---

1. Defendant does not challenge the admission of the Rule 404(b) evidence on appeal.

understanding would be notified of the charges against him. *McKoy*, 196 N.C. App. at 656, 675 S.E.2d at 411. A judgment based on an allegedly invalid indictment "should not be set aside based on hyper-technical arguments." *Id.* at 653-54, 675 S.E.2d at 409 (holding that the use of the victim's initials in the indictment was sufficient to notify the defendant that he was charged with committing a crime against "another person"); *See State v. Bell*, 311 N.C. 131, 138, 316 S.E.2d 611, 615 (1984) (holding that indictments for rape were sufficient although they did not specifically state that the victims were females, especially because the defendant's argument gave no indication of how he was prejudiced by the omission).

Defendant claims that the habitual felon indictment in the instant case was defective. The indictment describing one of his prior felony convictions used the phrase "Possess Stolen Motor Vehicle," rather than the word "possession," which is the word used in the statute defining the offense. N.C. Gen. Stat. § 20-106. We hold that defendant's argument is "hyper-technical" in nature. The indictment was sufficient to notify defendant of the elements of the offense charged. Stating that a defendant *possessed* a stolen vehicle conveys exactly the same meaning as saying that a defendant *was in possession of* a stolen vehicle. Therefore, the indictment was sufficient to give defendant notice of the basis of the habitual felon indictment. Moreover, the indictment also referenced the case number, date, and county of the prior conviction. This additional information would be sufficient to allow a person of common understanding to comprehend which felony conviction was being referenced even if the language describing the offense had been unclear.

This argument is without merit.

NO ERROR.

Judges STEPHENS and HUNTER, ROBERT N. JR. concur.