STATE OF NORTH CAROLINA v. TERRANCE JAVARR ROSS

No. COA11-1462

(Filed 5 June 2012)

## 1. Jurisdiction—subject matter—habitual felon charge— indictment issued before crimes occurred

The trial court lacked jurisdiction over defendant's habitual felon charge and erred by accepting defendant's habitual felon guilty plea. Because defendant was indicted as an habitual felon before the crimes for which he was being tried had even occurred, the habitual felon indictment could not have been ancillary to any offense for which defendant was tried or convicted. Defendant's habitual felon guilty plea was vacated and the matter was remanded for resentencing within appropriate sentencing ranges.

**2. Sentencing—attempted bribery of juror—incorrect classification—Class G rather than Class F**

The trial court erred by classifying attempted bribery of a juror as a Class F felony rather than a Class G felony. The matter was remanded for reclassification of the offense for which defendant was convicted and imposition of an appropriate sentence.

Appeal by defendant from judgments entered 7 July 2011 by Judge Richard D. Boner in Cleveland County Superior Court. Heard in the Court of Appeals 7 March 2012.

*Roy Cooper, Attorney General, by Daniel Snipes Johnson, Special Deputy Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for the defendant.*

THIGPEN, Judge.

Terrance Javarr Ross ("Defendant") appeals from judgments convicting him of attempted bribery of a juror, felony obstruction of justice, solicitation to commit bribery of a juror, and attaining the status of an habitual felon. We must determine whether the trial court lacked jurisdiction to accept Defendant's habitual felon guilty plea because Defendant was indicted as an habitual felon before the crimes tried in the instant case had occurred. Because the habitual felon indictment was not ancillary to any offense for which Defendant was tried or convicted in the instant case, we hold the trial court lacked jurisdiction over the habitual felon charge. Accordingly, we vacate Defendant's habitual felon guilty plea and remand for resentencing within appropriate sentencing ranges. Furthermore, we hold the trial court erred by classifying attempted bribery of a juror as a Class F felony and remand for reclassification of the offense for which Defendant was convicted as a Class G felony and the imposition of an appropriate sentence.

I. Factual and Procedural History

The State's evidence tends to show that Defendant was indicted as an habitual felon on 22 September 2008, and the habitual felon indictment charged that Defendant "did commit the felony of Possession of a Firearm by Felon . . . while being an habitual felon." On 11 May 2009, a superseding habitual felon indictment correcting a file number error was returned. While Defendant was on trial in an

unrelated drug matter on 17 and 18 June 2009, two jurors accused Chastity Burns of approaching them and telling them Defendant wanted to pay them $1,000 each if they would vote not guilty. Ms. Burns knew Defendant, and Defendant had called her from jail to ask her to bribe the two jurors. However, the jurors did not receive any money, and the trial court found the jury's verdict had not been affected by the attempted bribes.

On 20 July 2009, indictments were returned alleging that on 17 and 18 June 2009, Defendant committed bribery of a juror, felony obstruction of justice, and solicitation to commit bribery of a juror ("June 2009 crimes"). On 1 July 2009, the State applied for and was granted a writ of *habeas corpus ad prosequendum* to produce Defendant for trial for the June 2009 crimes. Only the three June 2009 crimes were calendared for trial.

At the start of Defendant's trial, Defendant's attorney moved to dismiss all pending charges that were not calendared for trial, and the prosecutor admitted that the habitual felon indictment "was not calendared[.]" The trial court then declined to try the habitual felon indictment and stated that if Defendant were convicted of the June 2009 crimes, "he'd be sentenced just as a regular felon" because "I don't have any habitual indictments to put before the jury." However, at the beginning of the second day of trial, the trial court reconsidered its position and decided it could properly proceed on the habitual felon indictment because it "is ancillary to the underlying three charges that we're trying now" and because Defendant "had notice that the State was going to seek an enhanced sentence if he were convicted of the underlying felonies[.]"

The jury found Defendant guilty of attempted bribery of a juror, obstruction of justice, and solicitation to commit bribery of a juror. Defendant then renewed his motion to dismiss the habitual felon indictment, which the trial court denied. Defendant subsequently pled guilty to attaining the status of an habitual felon. The trial court sentenced Defendant to three concurrent sentences of 120 to 153 months imprisonment for each of the convictions. Defendant appeals.

On appeal, Defendant contends the trial court (I) lacked jurisdiction to accept his habitual felon guilty plea; (II) erred in permitting the State to proceed on the habitual felon indictment; and (III) erred in denominating attempted bribery of a juror as a Class F felony.

## II. Jurisdiction Over Habitual Felon Indictment

**[1]** Defendant first contends the trial court lacked jurisdiction to accept his habitual felon guilty plea because the habitual felon indictment was returned months before the June 2009 crimes occurred. We agree.

"The issue of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal." *State v. Frink*, 177 N.C. App. 144, 147, 627 S.E.2d 472, 473 (2006) (citations omitted). "When an indictment is fatally defective, the trial court acquires no subject matter jurisdiction, and if it assumes jurisdiction a trial and conviction are a nullity." *Id.* at 146, 627 S.E.2d at 473 (quotation and quotation marks omitted). "On appeal, we review the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (citation omitted), *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009).

Any person who has been convicted of or pled guilty to three felony offenses is declared by statute to be an habitual felon. *See* N.C. Gen. Stat. § 14-7.1 (2011). N.C. Gen. Stat. § 14-7.3 (2011) sets forth the requirements for an habitual felon indictment and provides in relevant part:

> An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony.

Our Supreme Court has stated the following regarding the Habitual Felons Act:

> Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon. It is likewise clear that *the proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the "principal," or substantive, felony.*

*State v. Allen*, 292 N.C. 431, 433-34, 233 S.E.2d 585, 587 (1977) (emphasis added). "Being an habitual felon is not a crime but is a sta-

tus the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *Id.* at 435, 233 S.E.2d at 588.

Defendant cites *State v. Flint*, 199 N.C. App. 709, 682 S.E.2d 443 (2009) (*"Flint I"*), in support of his argument that the trial court lacked jurisdiction to accept his habitual felon guilty plea, and we find *Flint I* instructive. In *Flint I*, the defendant was indicted for eighty-two felonies and eight misdemeanors between 14 November 2005 and 22 May 2006, and the habitual felon indictment was returned on 28 November 2005. *Id.* at 711-12, 682 S.E.2d at 445. However, the defendant was not indicted on the only charges brought to trial in the case—obtaining property by false pretenses and financial card fraud —until 22 May 2006. *Id.* at 717, 682 S.E.2d at 448. "Furthermore, these crimes did not even occur until 10 March 2006, over three months after the habitual felon indictment was returned." *Id.* Although this Court recognized that "an habitual felon indictment may be returned before, after, or simultaneously with a substantive felony indictment[,]" *id.* at 717-18, 682 S.E.2d at 448 (citing *State v. Blakney*, 156 N.C. App. 671, 675, 577 S.E.2d 387, 390 (2003)), we concluded that "[i]t is difficult to see how the habitual felon indictment could attach as ancillary to felonies that had not yet occurred. Therefore, defendant correctly contends that the habitual felon indictment was not ancillary to the indictments for obtaining property by false pretenses and financial card fraud[.]" *Id.* at 718, 682 S.E.2d at 448. This Court, however, went on to hold that the trial court did not lack jurisdiction to determine the defendant's habitual felon status because "(1) the trial court never proceeded to the habitual felon phase of the trial due to defendant's plea [admitting his habitual felon status and pleading guilty to forty-seven other felonies pending against him], and (2) there were substantive felonies to which the habitual felon indictment was ancillary." *Id.*

In an unpublished opinion, *State v. Flint*, ____ N.C. App. ____, 712 S.E.2d 746, 2011 N.C. App. LEXIS 879, at *4 (N.C. Ct. App. May 3, 2011) (*"Flint II"*), this Court summarized *Flint I* as follows:

(1) it fashions the rule that a[n] habitual felon indictment cannot be ancillary to a crime that *occurred* after the habitual felon indictment came into existence; (2) it concludes Defendant's habitual felon indictment could not be ancillary to the 10 March 2006 crimes; and (3) it explains that this conclusion did not pre-

sent a problem in Defendant's first appeal because several of the crimes to which Defendant pled guilty occurred *before* Defendant was indicted for habitual felon status.

(Emphasis in original).

In this case, Defendant was initially indicted as an habitual felon on 22 September 2008, and the habitual felon indictment charged that Defendant "did commit the felony of Possession of a Firearm by Felon . . . while being an habitual felon." A superseding habitual felon indictment correcting a file number error was returned on 11 May 2009. Defendant, however, was not indicted for the June 2009 crimes until 20 July 2009. More importantly, these crimes did not even occur until 17 and 18 June 2009, approximately nine months after the initial habitual felon indictment and one month after the superseding habitual felon indictment. Like *Flint I*, "[i]t is difficult to see how the habitual felon indictment could attach as ancillary to felonies that had not yet occurred." *Flint I*, 199 N.C. App. at 718, 682 S.E.2d at 448; *see also Allen*, 292 N.C. at 433-34, 233 S.E.2d at 587 (stating that "the proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the 'principal,' or substantive, felony"). At the time the habitual felon indictments were returned, there was no pending prosecution for the June 2009 crimes "to which the habitual felon proceeding could attach as an ancillary proceeding" because the crimes had not yet happened. *See Allen*, 292 N.C at 436, 233 S.E.2d at 589. Accordingly, we hold that under the specific facts of this case, the habitual felon indictment was not ancillary to the substantive felony indictments for the June 2009 crimes. *See State v. Cheek*, 339 N.C. 725, 727, 453 S.E.2d 862, 863 (1995) (stating that "the habitual felon indictment is necessarily ancillary to the indictment for the substantive felony") (citation omitted).

Although there were other felonies pending against Defendant, including substantive felonies to which the habitual felon indictment was ancillary because the crimes occurred before Defendant was indicted for habitual felon status, the State only brought Defendant to trial for the three June 2009 crimes. The State could have, but did not, bring Defendant to trial for his other pending offenses in the same session of court. Moreover, Defendant was only convicted of the three June 2009 crimes before pleading guilty to habitual felon status. *Compare Flint I*, 199 N.C. App. at 719, 682 S.E.2d at 449 (holding that although the habitual felon indictment was not ancillary to certain indictments, the trial court had jurisdiction to accept the defendant's

habitual felon plea because the habitual felon indictment was ancillary to multiple prior pending substantive indictments to which the defendant pled guilty in addition to pleading guilty to habitual felon status). For the foregoing reasons, we conclude the trial court lacked jurisdiction over the habitual felon charge and erred by accepting Defendant's habitual felon guilty plea. We, therefore, vacate Defendant's habitual felon guilty plea and remand to the trial court for resentencing within appropriate sentencing ranges.[1]

### III. Classification of Attempted Bribery of a Juror

**[2]** In his last argument on appeal, Defendant contends the trial court erred in classifying attempted bribery of a juror as a Class F felony rather than Class G felony. We agree.

"When a defendant assigns error to the sentence imposed by the trial court, our standard of review is whether the sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quotation and quotation marks omitted).

Regarding the classification of an attempt to commit a misdemeanor or a felony, N.C. Gen. Stat. § 14-2.5 (2011) provides that "[u]nless a different classification is expressly stated, an attempt to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit." Defendant was indicted for bribery of a juror pursuant to N.C. Gen. Stat. § 14-220 (2011), which provides:

> If any juror, either directly or indirectly, shall take anything from the plaintiff or defendant in a civil suit, or from any defendant in a State prosecution, or from any other person, to give his verdict, every such juror, and the person who shall give such juror any fee or reward to influence his verdict, or induce or procure him to make any gain or profit by his verdict, shall be punished as a Class F felon.

In this case, the trial court granted Defendant's motion to dismiss the charge of bribery of a juror, ruling that at most Defendant committed attempted bribery of a juror since the jurors did not accept a bribe. The trial court subsequently instructed the jury on attempted bribery of a juror, and the jury found Defendant guilty of attempted

---

1. Because we hold the trial court lacked jurisdiction over the habitual felon indictment, we will not address Defendant's argument that the trial court erred by permitting the State to proceed on the habitual felon indictment.

bribery of a juror. The trial court then entered judgment classifying attempted bribery of a juror as a Class F felony. However, because Defendant pled guilty to habitual felon status, the trial court sentenced him for attempted bribery of a juror "as a Class C felon pursuant to Article 2A of G.S. Chapter 14."

We conclude the trial court erred by classifying attempted bribery of a juror as a Class F felony. Since our statutes do not provide a specific classification for attempted bribery of a juror, an attempt to commit the felony of bribery of a juror "is punishable under the next lower classification as the offense which the offender attempted to commit." N.C. Gen. Stat. § 14-2.5. Thus, attempted bribery of a juror should have been classified as a Class G felony. *See* N.C. Gen. Stat. § 14-220 (classifying bribery of a juror as a Class F felony). Furthermore, because we vacate Defendant's habitual felon guilty plea, any error in classifying attempted bribery of a juror as a Class F felony is not harmless for purposes of sentencing. Accordingly, we remand for reclassification of attempted bribery of a juror as a Class G felony and the imposition of an appropriate sentence.

In sum, the habitual felon indictment used by the trial court to enhance Defendant's sentences cannot be ancillary to the indictments for the June 2009 crimes because the June 2009 crimes had not yet occurred when the habitual felon indictment was returned. *See Flint I,* 199 N.C. App. at 718, 682 S.E.2d at 448. Although there were other charges pending against Defendant to which the habitual felon indictment could have attached, the habitual felon indictment was not ancillary to any offense for which Defendant was tried or convicted. Thus, the trial court lacked jurisdiction over the habitual felon charge, and we vacate Defendant's habitual felon guilty plea and remand this case to the trial court for resentencing within appropriate sentencing ranges. Additionally, we remand to the trial court for reclassification of attempted bribery of a juror as a Class G felony and the imposition of an appropriate sentence.

VACATED IN PART and REMANDED.

Judges CALABRIA and ERVIN concur.