An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-729
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.                                  Lincoln County
                                    No. 10 CRS 53179, 3784
WILLIAM LEE HALL


Appeal by defendant from judgment entered 6 February 2012 by Judge James W. Morgan in Lincoln County Superior Court. Heard in the Court of Appeals 20 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.*
>
> *Mary March Exum for defendant.*


HUNTER, Robert C., Judge.


Defendant appeals the judgment sentencing him to 101 months to 131 months imprisonment after he was convicted of felony larceny (10 CRS 53179) and attaining the status of habitual felon (10 CRS 3784). On appeal, defendant argues that the trial court lacked subject matter jurisdiction to accept his habitual felon guilty plea because the habitual felon indictment was returned before the substantive offenses had occurred.

Furthermore, defendant contends that the trial court erred by denying his motion to continue because he was unaware the case was being called for trial, was unprepared, and was in shock and taking medication for his mental state. After careful review, based on this Court's holding in *State v. Ross*, __ N.C. App. __, 727 S.E.2d 370 (2012), *disc. review denied*, 366 N.C. 570, 738 S.E.2d 369 (2013), we vacate defendant's habitual felon guilty plea and remand for resentencing on defendant's conviction for felony larceny within the appropriate sentencing range. However, we hold that the trial court did not err by denying defendant's motion to continue.

## Background

Defendant was indicted 7 September 2010 for attaining the status of habitual felon, and the habitual felon indictment charged that defendant "did commit the felonies of [b]reaking or [e]ntering and [l]arceny . . . while being an habitual felon." The date of the offense for defendant's habitual felon charge listed on the indictment was 15 November 2009. On 14 March 2011, the grand jury returned a bill of indictment alleging that, on 24 September 2010, defendant committed second degree burglary and felony larceny, the underlying substantive offenses for defendant's habitual felon indictment.

On 14 November 2011, defendant was tried by a jury on the charges of second degree burglary and felony larceny. The jury found defendant not guilty of second degree burglary and guilty of felony larceny on 15 November 2011. That same day, defendant pled guilty to attaining habitual felon status. Although felony larceny pursuant to N.C. Gen. Stat. § 14-72(b)(2) is a Class H felony, defendant's sentence was enhanced based on his habitual felon status, and he was sentenced for a Class C felony. After determining that defendant had 16 prior record points, the trial court sentenced defendant within the presumptive range of sentences to a minimum term of 101 months to a maximum term of 131 months imprisonment, with 22 days of credit given for the time defendant spent in confinement. On the judgment sheet, the dates of offense listed for defendant's convictions for felony larceny and being an habitual felon are 24 September 2010 and 15 November 2009, respectively. On 6 February 2012, the judgment was amended. The only changes made were that defendant was given credit for 105 days spent in confinement, and the offense date for being an habitual felon was changed to 24 September 2010.

On 2 August 2012, this Court granted defendant's petition for writ of certiorari to review the judgment.

**Arguments**

Defendant first argues that the trial court lacked subject matter jurisdiction to accept his guilty plea because he was indicted as an habitual felon before the underlying substantive crimes had occurred and prior to being indicted for those crimes. We agree.

The issue of subject matter jurisdiction may be raised at any time and may be raised for the first time on appeal. *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006). "When an indictment is fatally defective, the trial court acquires no subject matter jurisdiction, and if it assumes jurisdiction a trial and conviction are a nullity." *State v. Frink*, 177 N.C. App. 144, 146, 627 S.E.2d 472, 473 (2006) (internal quotation marks omitted). "On appeal, we review the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (citation omitted), *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009).

With regard to the status of being an habitual felon, this Court has noted that:

> The Habitual Felons Act, N.C.G.S. §§ 14-7.1 to -7.6 (2001), allows for the indictment of a defendant as a[n] habitual felon if he has been convicted of or pled guilty to three felony offenses. The effect of such a proceeding is to enhance the punishment of

> those found guilty of crime who are also shown to have been convicted of other crimes in the past. The Habitual Felons Act requires two separate indictments, the substantive felony indictment and the habitual felon indictment, but does not state the order in which they must be issued.

State v. Blakney, 156 N.C. App. 671, 674, 577 S.E.2d 387, 390 (2003) (internal citations and quotation marks omitted).

Initially, we note that "the issuance of a habitual felon indictment prior to the substantive felony indictment does not by itself void the habitual felon indictment where the notice and procedural requirements of the Habitual Felons Act have been complied with." Id. at 675, 577 S.E.2d at 390. However, in the present case, not only was defendant indicted for being an habitual felon prior to being indicted for the substantive felonies of felony larceny and second degree burglary, but he was also indicted for being an habitual felon before the substantive offenses had occurred. Defendant was indicted for attaining habitual felon status on 7 September 2010. However, he not was indicted for second degree burglary and felony larceny until 14 March 2011, but, more importantly, the substantive felonies did not occur until 24 September 2010, several weeks after the habitual felon status indictment. Accordingly, given the fact that defendant was indicted as being

an habitual felon before the substantive felonies occurred, we find this Court's decision in *Ross* controlling.

In *Ross*, the defendant was indicted as an habitual felon on 22 September 2008; a superseding habitual felon indictment correcting a file number error was returned 11 May 2009. *Id*. at __, 727 S.E.2d at 372. However, the defendant was not indicted for the substantive felonies until 20 July 2009. *Id*. This Court noted that, "[m]ore importantly," the substantive felonies did not occur until 17 and 18 June 2009, approximately nine months after the initial habitual felon indictment and one month after the superseding indictment. *Id*. at __, 727 S.E.2d at 374. Relying on *State v. Flint*, 199 N.C. App. 709, 682 S.E.2d 443 (2009), this Court found that "there was no pending prosecution for the [substantive felonies] to which the habitual felon proceeding could attach as an ancillary proceeding because the crimes had not yet happened." *Ross*, __ N.C. App. at __, 727 S.E.2d at 374 (internal quotation marks omitted). Therefore, "the trial court lacked jurisdiction over the habitual felon charge and erred by accepting [the] [d]efendant's habitual felon guilty plea." *Id*. Accordingly, the Court vacated the defendant's habitual felon guilty plea and remanded to the trial court for resentencing on the substantive felonies. *Id*.

Here, as in *Ross*, given that the crimes of second degree burglary and felony larceny had not occurred at the time defendant was indicted for being an habitual felon, there was "no pending prosecution . . . to which the habitual felon proceeding could attach as an ancillary proceeding[,]" *id*. Therefore, the trial court lacked jurisdiction over defendant's habitual felon charge and erred by accepting defendant's guilty plea. Accordingly, we vacate defendant's habitual felon guilty plea and remand for resentencing on defendant's conviction for felony larceny within appropriate sentencing guidelines.

We note that the trial court amended its judgment on 6 February 2012 by changing the offense date of defendant's habitual felon charge to 24 September 2010, the same day defendant committed the offenses of felony larceny and second degree burglary. However, that amendment to the judgment does not cure the trial court's lack of subject matter jurisdiction when it accepted defendant's guilty plea. In other words, the indictment gives the trial court jurisdiction, not the judgment. *See Frink*, 177 N.C. App. at 146, 627 S.E.2d at 473. Because defendant's habitual felon indictment was defective, pursuant to *Ross*, the trial court never acquired jurisdiction over defendant's habitual felon charge, and the judgment and amended

judgment were "nullit[ies][,]" *Frink*, 177 N.C. App. at 146, 627 S.E.2d at 473.

In its brief, the State encourages this Court to "not follow" *Ross* because it "was decided incorrectly" and "conflict[s]" with earlier rulings by this Court. However, we find no inconsistency between the holdings of *Ross* and those cases cited by the State, including *Blakney*, *State v. McGee*, 175 N.C. App. 586, 623 S.E.2d 782 (2006), and *State v. Patton*, 342 N.C. 633, 466 S.E.2d 708 (1996). In *Blakney*, *McGee*, and *Patton*, the defendants were not indicted for being habitual felons before the substantive offenses had occurred; in *Ross*, however, that was the issue before this Court. Moreover, even assuming *arguendo* that the State is correct, we are bound by *Ross* until that precedent is overturned by our Supreme Court. See *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Next, defendant argues that the trial court abused its discretion in denying his motion to continue. We disagree.

"Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review." *State v. Taylor*, 354 N.C. 28, 33, 550 S.E.2d 141, 146 (2001), *cert. denied*, 535 U.S. 934, 152 L. Ed. 2d 221 (2002). "When a motion to continue raises a constitutional issue, the trial court's ruling is fully reviewable upon appeal." *Id.*

At defendant's trial, his counsel made a motion to continue on several grounds. Specifically, defense counsel claimed that defendant was having some "emotional difficulties" because he was taking medications that affected his mental state. Furthermore, defense counsel alleged that defendant was in "shock" that he was going to be tried for second degree burglary and felony larceny at the same time. Finally, defense counsel initially seemed to indicate that he was also not ready for trial. However, he later admitted to being prepared for trial upon questioning by the trial court.

Here, the trial judge specifically questioned defense counsel regarding his trial preparation. By his own admission, defense counsel stated that he was "prepared" for trial and that the State had warned him that a "possibility" existed that defendant's trial would begin that day. Therefore, defendant's

claim that he was denied his Sixth Amendment right to effective counsel because his attorney did not have time to prepare for trial is without merit.

Furthermore, while defendant did allege that he was taking Lexapro for his mental state, he claimed that the other medications were for his "sinus problems" and "bad headaches." In addition, defendant's "shock" was based on his confusion regarding the order in which the charges were to be tried, not necessarily that his trial was beginning that day. Accordingly, in light of these circumstances, defendant has failed to establish that the trial court abused its discretion in denying the motion to continue.

## Conclusion

Based on the foregoing reasons, we vacate defendant's habitual felon guilty plea and remand for resentencing on his conviction of felony larceny. However, we find no error with regards to the trial court's denial of his motion to continue.

VACATED IN PART AND REMANDED FOR RESENTENCING; NO ERROR IN PART.

Judges CALABRIA and HUNTER, JR., ROBERT N. concur.

Report per Rule 30(e).