An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1017

Filed 2 July 2025

Iredell County, Nos. 23CRS314427-480, 23CRS314428-480, 24CRS216718-480, 24CRS216754-480

STATE OF NORTH CAROLINA

v.

JOSEPH ANTHONY SMITH, Defendant.

Appeal by Defendant from judgment entered 30 April 2024 by Judge Clifton H. Smith in Iredell County Superior Court. Heard in the Court of Appeals 10 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Farrah R. Raja, for the State.*

> *Phoebe W. Dee, for Defendant-Appellant.*

CARPENTER, Judge.

Joseph Anthony Smith ("Defendant") appeals from judgment entered upon his guilty plea to, in relevant part, two counts of possession of methamphetamine. On appeal, Defendant's appellate counsel filed an *Anders* brief because she was unable to identify any issue with sufficient merit to support a meaningful argument for direct relief on appeal. Under *Anders* and *Kinch*, Defendant's appellate counsel requests

this Court conduct an independent review of the record for prejudicial error. After careful review, we discern no non-frivolous issues and dismiss Defendant's appeal.

## I. Factual & Procedural Background

On 2 August 2023, following a traffic stop and subsequent searches of Defendant's person and vehicle, an Iredell County grand jury indicted Defendant for one count each of: possession of methamphetamine; maintaining a vehicle for the keeping or selling of controlled substances; possession of a weapon of mass destruction; and possession of a firearm by a felon.

On 23 January 2024, Defendant was released on bond. That same day, deputies from the Iredell County Sheriff's Department were informed that a suspected arsonist was sighted driving a pickup truck owned by Defendant. Based on this information, deputies travelled to Defendant's home to locate and investigate the suspected arsonist. Upon arrival at Defendant's home, deputies observed Defendant's pickup truck parked in the driveway and Defendant standing nearby. Deputies approached Defendant and spoke with him. During the conversation, deputies observed an empty holster around Defendant's waistband and a bolt action rifle on the hood of the pickup truck. Deputies conducted a probable cause search of Defendant's person and discovered methamphetamine in his pocket. Initially, Defendant denied that the suspected arsonist was in his home. After further questioning, however, Defendant admitted that the suspected arsonist was asleep inside Defendant's home.

On 6 March 2024, an Iredell County grand jury indicted Defendant (the "Indictment") for one count each of: possession of methamphetamine; possession of drug paraphernalia; harboring a fugitive; and possession of a firearm by a felon. On 30 April 2024, Defendant pleaded guilty to two counts of possession of a firearm by a felon and two counts of possession of methamphetamine.

The trial court sentenced Defendant to: twelve months minimum and twenty-four months maximum in the Department of Adult Corrections for possession of a firearm by a felon; six months minimum to seventeen months maximum in the Department of Adult Corrections for possession of methamphetamine, suspended for eighteen months of supervised probation; twelve months minimum and twenty-four months maximum in the Department of Adult Corrections for possession of a firearm by a felon, suspended for eighteen months of supervised probation; and six months minimum and seventeen months maximum in the Department of Adult Corrections for possession of methamphetamine, suspended for eighteen months of supervised probation. On 1 May 2024, Defendant filed written notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-27(b)(4) and 15A-1444(a2) (2023).

## III. *Anders* Brief

Defendant's appellate counsel filed a no-merit brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *State v. Kinch*, 314 N.C. 99,

331 S.E.2d 665 (1985). Defendant's appellate counsel complied with the requirements of *Anders* and *Kinch* by: (1) conducting a thorough review of the record and relevant law; (2) advising Defendant of his right to file his own supplemental arguments; and (3) providing Defendant with the *Anders* brief, record on appeal, trial transcript, and the mailing address of this Court. Defendant did not file any written argument on his own behalf, and a reasonable time to do so has passed. Defendant's appellate counsel directs our attention to one potential issue on appeal: whether the trial court had subject matter jurisdiction over Defendant's charge of possession of methamphetamine where the Indictment incorrectly listed methamphetamine as a Schedule I controlled substance.

Under *Anders* and *Kinch*, this Court must conduct "a full examination of all the proceedings[,]" which includes a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." *Kinch*, 314 N.C. at 102–03, 331 S.E.2d at 667 (citation omitted).

When a defendant has pleaded guilty, the scope of *Anders* review is limited by section 15A-1444. *See State v. Hamby*, 129 N.C. App. 366, 368–70, 499 S.E.2d 195, 195–97 (1998); N.C. Gen. Stat. § 15A-1444 (2023). Specifically, a defendant's right of appeal after pleading guilty is limited to whether: certain issues exist pertaining to his sentence, *see* N.C. Gen. Stat. § 15A-1444(a1), (a2); the trial court improperly denied his motion to suppress, *see* N.C. Gen. Stat. §§ 15A-1444(e), 15A-979(b) (2023);

and the trial court improperly denied his motion to withdraw a plea of guilty or no contest, *see* N.C. Gen. Stat. § 15A-1444(e). Nevertheless, because "[t]he issue of subject matter jurisdiction may be raised at any time" including "for the first time on appeal[,]" this Court may review the issue of whether an indictment was fatally defective. *State v. Frink*, 177 N.C. App. 144, 147, 627 S.E.2d 472, 473 (2006).

Jurisdictional concerns arise "only when [an indictment] wholly fails to charge a crime against the laws or people of this State." *State v. Singleton*, 386 N.C. 183, 184–85, 900 S.E.2d 802, 804–805 (2024) (explaining that North Carolina has departed from "strict common law pleading requirements for criminal indictments"). Conversely, indictments "that contain non-jurisdictional deficiencies will not be quashed or cast aside by reason of any informality when they express the crime charged in a plain, intelligible, and explicit manner such that the defendant has notice sufficient to prepare a defense and to protect against double jeopardy." *Id.* at 185, 900 S.E.2d at 805 (citation and quotation marks omitted). "To obtain relief on the basis of a nonjurisdictional defect, a defendant must 'show that the indictment contained a statutory or constitutional defect and that such error was prejudicial.'" *State v. Simpson*, 295 N.C. App. 425, 429, 906 S.E.2d 72, 77 (2024) (quoting *State v. Stewart*, 386 N.C. 237, 240, 900 S.E.2d 652, 655 (2024)); *see State v. Little*, 296 N.C. App. 424, 436, 909 S.E.2d 363, 371 (2024) (Carpenter, J., concurring).

Under section 90-95(a)(3) of our General Statues, it is unlawful for any person to possess a controlled substance. N.C. Gen. Stat. § 90-95(a)(3) (2023). Here,

Defendant was charged with possession of methamphetamine. Methamphetamine is a Schedule II controlled substance. N.C. Gen. Stat. § 90-90(3)(c) (2023). The Indictment incorrectly listed methamphetamine as a Schedule I controlled substance. Although the Indictment incorrectly listed methamphetamine as a Schedule I controlled substance instead of a Schedule II controlled substance, this defect is not a jurisdictional defect under *Singleton* because the Indictment properly alleges that Defendant committed a crime—possession of methamphetamine. *See Singleton*, 386 N.C. at 184–85, 900 S.E.2d at 804–05. Because the Indictment properly alleged a crime, the trial court was not deprived of jurisdiction.

Thus, after careful review of the proceedings within the limits of section 15A-1444, and the potential issue raised by Defendant's appellate counsel, we conclude Defendant's appeal is wholly frivolous. *See* N.C. Gen. Stat. § 15A-1444.

## IV.  Conclusion

In accordance with *Anders* and *Kinch*, we have conducted a thorough review of the proceedings and conclude Defendant's appeal is wholly frivolous. Accordingly, we dismiss Defendant's appeal.

DISMISSED.

Chief Judge DILLON and Judge MURRY concur.

Report per Rule 30(e).