An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-921

Filed 1 April 2026

Wake County, No. 23CR319216-910, 23CR388884-910

STATE OF NORTH CAROLINA

v.

JAMES DEMARLOW KERSHAW, Defendant.

Appeal by Defendant from judgment entered 13 November 2024 by Judge Craig Croom in Wake County Superior Court. Heard in the Court of Appeals 11 March 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General James A. Barnes IV, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Defendant.*

GRIFFIN, Judge.

Defendant James Demarlow Kershaw appeals from the trial court's judgment entering his *Alford* guilty plea to three criminal charges. Counsel for Defendant filed an *Anders* brief on Defendant's behalf, requesting this Court's independent review of potential sentencing errors as well as additional errors allowed by our prior grant of

Defendant's petition for writ of certiorari. We hold no meritorious issues exist and dismiss the appeal.

On 19 February 2024, a grand jury indicted Defendant for possession with intent to sell or deliver cocaine, PWISD controlled substance within 1000 feet of a school, PWISD controlled substance within 1000 feet of a park, and two counts of resisting public officer. On 5 August 2024, a grand jury indicted Defendant for financial card fraud.

On 12 March 2024, Defendant filed a pro se motion captioned "Motion to Suppress, Motion Seeking to View Crime Scene and Impound Evidence, Motion to Dismiss, and Motion to Compel Notices." On 29 April 2024, Defendant filed a pro se motion captioned "Motion to Dismiss, Request for Evidentiary Hearing, and Motion to Compel." On 2 August 2024, Defendant filed a pro se motion captioned "Motion for Production of Exculpatory Evidence, Motion for Withdrawal of Guilty Plea, Motion to Recuse Judge, Request for Evidentiary Hearing, Motion to Subpoena Duces Tecum, Motion for Temporary Pretrial Release and Motion to Compel Notice."

On 13 November 2024, Defendant represented himself before the Wake County superior court. Defendant entered an *Alford* guilty plea to charges of PWISD a controlled substance, resisting a public officer, and financial card fraud. Defendant attempted to enter oral notice of appeal in open court; the trial court informed Defendant that he had no right to appeal but was permitted to file a petition for writ of certiorari requesting appellate review.

On 4 December 2024, Defendant filed a PWC with this Court for review of the trial's court judgment entering his guilty plea. This Court allowed Defendant's PWC on 10 April 2025.

Defendant's counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), stating her inability "to identify any issue with sufficient merit to support a meaningful argument for relief on appeal," but asking this Court "conduct a full examination of the record for any prejudicial error and determine whether any issue has been overlooked." Defendant's counsel provided Defendant with a copy of the brief, as well as the proposed record on appeal and transcript of the trial court proceedings, and advised Defendant of "his right to file supplemental arguments on his own."

Defendant's counsel offers a number of issues that may arguably support a meritorious appeal, including the calculation of Defendant's prior record level and the resulting sentence given; whether the trial court erred with respect to Defendant's motions to withdraw his guilty plea, to suppress, and to dismiss; the sufficiency of the indictments for each of Defendant's charges; and the sufficiency of the factual basis supporting Defendant's guilty plea.

"Under our review pursuant to *Anders* and *Kinch*, 'we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous.'" *State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (citation omitted). After conducting a full and independent examination of the record, including each of the

potential issues offered by Defendant's counsel, we hold the record contains no meritorious issue which would entitle Defendant to relief. We conclude the appeal is wholly frivolous and dismiss the appeal.

DISMISSED.

Judges HAMPSON and STADING concur.

Report per Rule 30(e).